## STUDLEY and wife vs. THE CITY OF OSHKOSH.

HIGHWAYS: CITIES. *Liability of city for injuries from defective sidewalk. Presumption of knowledge of defect. Charter construed.*

1. A city charter declares that the city shall not be liable for injuries from any defect in a sidewalk, unless it be shown that one of the aldermen of the proper ward had knowledge of the defect; and that such knowledge shall not be presumed, unless the defect existed three weeks before the injury; "*provided*, that nothing herein shall be construed to mean that knowledge is to be presumed because such three weeks had elapsed." *Held*, that knowledge, or notice, may be presumed, under this statute, where the defect has existed three weeks, in any case where such presumption would have arisen before the statute.

2. The complaint alleges that a certain street in said city was much traveled by the citizens and others; that on a certain day the sidewalk thereon, at a specified place, was, and for more than three weeks had been, "badly out of repair, the planks therein loose and in a dangerous condition, and wholly unsafe for the public to travel upon;" and that, by reason of such defect, the female plaintiff sustained an injury, etc. It does not otherwise aver knowledge or notice of the defect. *Held*, on demurrer, that the complaint shows *prima facie* a liability on the part of the city.

APPEAL from the Circuit Court for *Winnebago* County.

Action to recover damages for personal injuries sustained by the plaintiff *Mrs. Studley*, by reason of the alleged dan-gerous condition of a certain sidewalk in the defendant city. After alleging that the city of Oshkosh was duly organized

Studley and wife vs. The City of Oshkosh.

under the laws of this state, that its charter made it the duty of the city to keep the streets and sidewalks within its corporate limits safe and convenient for public travel, and that Ninth street therein is much traveled by the citizens of Oshkosh and others, the complaint contains the following averment: "That on or about the 4th day of July, 1877, the sidewalk on said Ninth street, at a certain place between Nebraska and Oregon streets, on the south side of said Ninth street, was, and for more than three weeks prior to said day had been, badly out of repair, the planks in said sidewalk loose and in a dangerous condition, and wholly unsafe for the public to travel upon." Then follows an averment that by reason of such defect in the sidewalk, *Mrs. Studley*, when passing over it, received the injuries complained of. The particular manner in which the accident happened is stated.

The defendant answered a general denial, but admitted its corporate character as alleged in the complaint.

On the trial, counsel for defendant objected to the admission of any evidence under the complaint, on the ground that it fails to state a cause of action. The objection was sustained. The plaintiffs declined to amend their complaint; and judgment of nonsuit and for costs was rendered for the defendant; from which the plaintiffs appealed.

For the appellants, there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

The cause was submitted for the respondent on the brief of *James H. Merrill*.

LYON, J. It is understood that the learned circuit judge held the complaint insufficient on the ground that it contains no proper averment of notice to the city or its officers of the alleged defect in the sidewalk. The complaint was drawn with reference to the following section in the city charter:

"The city shall not be liable to or for any damages arising or growing out of any sidewalks, streets, drains, sewers, gutters, ditches or bridges, in said city, being in a defective or dangerous condition, or out of repair, unless it be shown that

previous to the happening of the same, one of the aldermen of said ward in which the same is located, had knowledge thereof; and no knowledge of such condition shall be presumed unless the defect out of which the same occurred, existed three weeks before such damages occurred. *Provided, however*, that nothing herein contained shall be so construed as to mean that knowledge is to be presumed because such three weeks had elapsed." Laws of 1877, p. 269, sec. 28.

The question to be determined is, whether the complaint states a cause of action under the above section. Excluding the proviso, the meaning of the section is plain. It relieves the city from liability in cases like this, unless an alderman of the ward in which the defective sidewalk is situated, had previous knowledge of the defect, and negatives any presumption of such knowledge unless the defect had continued three weeks before the injury caused by it was inflicted. It is apparent that the word *knowledge* is used in the section as the equivalent of *notice*. The unavoidable inference from these provisions is, that after the defect has existed three weeks, notice thereof to the proper alderman shall, or at least may, be presumed.

It is more difficult to ascertain the true construction and effect of the proviso. Taken literally, it would seem repugnant to the purview or body of the section; yet it should not be held repugnant if the language admits a construction which will give effect to the whole section. "The true principle undoubtedly is, that the sound interpretation and meaning of the statute, on a view of the enacting clause, saving clause and proviso, taken and construed together, is to prevail. If the principal object of the act can be accomplished and stand, under the restriction of the saving clause or proviso, the same is not to be held void for repugnancy." 1 Kent's Com. (12th ed.), 463, note *b*. One office of a proviso is to exclude some possible ground of misinterpretation of the act. *Minis v. The United States*, 15 Peters, 423. We think the proviso under consideration was inserted in the section for such a purpose. The language of the section preceding the proviso being

general, there may have been reason to apprehend that the courts would hold under it that after any defect in the sidewalk or street had existed three weeks — whatever the character of the defect,— notice thereof to the proper officer should be conclusively presumed. Hence the proviso may have been added to prevent that construction, and to leave the city free to show that the defect was of such a character that notice of it ought not to be conclusively presumed, and the city held liable, although such defect may have existed more than three weeks. Such might be the case were the defect latent or hidden — one which the exercise of reasonable care and attention by the proper city officers might not disclose.

But we cannot think that the legislature intended to relieve the city of Oshkosh from all liability for injuries caused by defective streets therein, unless notice in fact of such defects be given to an alderman of the proper ward, in a case in which the defect is patent and readily discoverable upon due official examination and inspection of the streets. In such a case, we think the legislature intended, in the absence of actual notice to the alderman, to give the city three weeks in which to discover and remove the defect, and, failing to do so in that time, to hold the city liable for the consequences of its neglect.

Upon full consideration of the whole section, it seems to us that the legislature intended thereby to change or qualify the then existing law only in these two particulars: 1. By designating an officer who must have notice of the defect before the city can be held liable for injuries caused by it; and 2. By fixing a time before which no presumption of notice to such officer can arise, and after which such presumption does arise. In all other respects we think the law remains as it was before the section was enacted.

Of course, a good complaint under this section of the charter must allege facts showing the liabilty of the city for the injuries complained of. The complaint in this action, in addition to the usual averments in complaints in such actions brought under the general law, alleges a fact, to wit, the con-

tinuance of the defect in the sidewalk for more than three weeks preceding the accident, which, under our construction of the charter, shows *prima facie* that the city is liable. If there are circumstances in the case which relieve it from such liability, that is matter of defense.

We conclude, therefore, that the complaint states a cause of action, and that the court erred in ruling that it did not.

*By the Court.* — Judgment reversed, and cause remanded for a new trial.