Adams, Respondent, vs. The City of Oshkosh, Appellant.

*February 2 — February 28, 1888.*

*Municipal corporations: Defective streets: Notice: Charter construed.*

The provision in the charter of the city of Oshkosh (sec. 32, subch. 10, ch. 183, Laws of 1883) that the city shall not be liable for any damages arising out of any street being in a defective or dangerous condition, unless it be shown that one of the aldermen of the ward had knowledge thereof, etc., does not apply to an obstruction placed in the street by an employee of the city while repairing such street.

APPEAL from the County Court of *Winnebago* County. The facts will sufficiently appear from the opinion. The plaintiff had a verdict in the court below, and from the judgment entered thereon the defendant appealed.

*Wm. H. Casey,* for the appellant, contended that the city authorities had no notice of the defective condition of the

road so as to charge the city with liability. *Goodnough v. Oshkosh*, 24 Wis. 549; *Ward v. Jefferson*, id. 342; *Brady v. Lowell*, 3 Cush. 121. Persons engaged in repairing streets, not hired for that purpose by the city corporation, are not, when performing such work, servants or agents in the employment of the city, for whose conduct the city can be held liable; and hence the maxim *respondeat superior* has no application. *Hayes v. Oshkosh*, 33 Wis. 314; *Hafford v. New Bedford*, 16 Gray, 297; *Fisher v. Boston*, 104 Mass. 87; *Hill v. Boston*, 122 id. 344; *Walcott v. Swampscott*, 1 Allen, 101.

For the respondent there was a brief by *Finch & Barber*, and oral argument by *Mr. Henry Barber*. They cited, besides cases cited in the opinion, *Kittredge v. Milwaukee*, 26 Wis. 46; *Harper v. Milwaukee*, 30 id. 372, and cases cited; *Orne v. Richmond*, 79 Va. 86; *Logansport v. Dick*, 70 Ind. 65; *Keating v. Cincinnati*, 38 Ohio St. 141; *Circleville v. Neuding*, 41 Ohio St. 465; *Mulcairns v. Janesville*, 67 Wis. 34, and note in 29 N. W. Rep. 516; *Kendall v. Albia*, 34 N. W. Rep. (Ia.), 833.

TAYLOR, J. The respondent brought an action against the city of *Oshkosh* to recover for the value of a horse which was killed in the night-time by running upon a pile of gravel and stones alleged to have been placed in one of the principal streets of said city by the said city, and permitted to remain there without any lights or barriers to warn persons traveling said street of the danger. The evidence satisfactorily shows that the obstruction was placed in the street by an employee of the city on the day the accident happened, and that such employee, with others, was at the time engaged in repairing said street. The only real question arising on this appeal is whether the city of *Oshkosh* is liable for an injury occurring to a citizen traveling such street, by reason of an obstruction placed in said street

by an employee of said city while engaged in repairing the same, unless the person injured can show that previous to the injury one of the aldermen of the ward in which the obstruction was placed had actual notice of such obstruction. It is contended by the learned counsel for the appellant that, under the charter of the city of *Oshkosh*, no damages can be recovered of the city caused by an obstruction placed in the street even by an employee of the city engaged in repairing such street, unless actual notice of the obstruction be given to one of the proper ward aldermen, or it be shown that one of such aldermen had actual knowledge of the existence of the obstruction before the accident happened. This contention is based upon the following provision in the charter of said city, viz.: " The city shall not be liable to or for any damages arising or growing out of any sidewalks, streets, drains, sewers, gutters, or ditches, or bridges in said city being in a defective or dangerous. condition or out of repair, unless it be shown that, previous to the happening of the same, one of the aldermen of the ward in which the same is located had knowledge thereof; and no knowledge of such condition of the same shall be presumed, unless the defect out of which the same occurred existed three weeks before such damages accrued: provided, however, that nothing herein contained shall be so. construed as to mean that knowledge is to be presumed because such three weeks had elapsed."

There is no claim that either of the aldermen of the ward had actual notice of the obstruction in the street, nor that it had existed for three weeks; so that, if the statute applies to an obstruction placed in the street by an employee of the city while engaged in repairing said street, the plaintiff did not make out a case. After a careful consideration of the statute, we think it was not the intent of the legislature to cover a case of this kind. In the case at bar the aldermen of the ward, in discharging a duty imposed upon them

by law, were in fact engaged in repairing the street in question, and one of their employees negligently permitted the obstruction to be placed in and remain in said street. We think, in a case of this kind, the act of the employee while engaged in his employment must be considered as the act of the alderman of the ward, and that the city, through the action of its ward officer, permitted the obstruction to be placed in the street and to remain there. It cannot be supposed that the legislature intended to release the city from damages caused by the action of its officers in repairing its streets, when its employees create the obstruction, because such officers had no actual notice of the obstruction. In such case the acts of the employees are the acts of the officers, and their knowledge must be construed to be the knowledge of the employer. This would be the rule in every other case, and we cannot think the legislature intended to alter so just a rule in favor of the city. It was long ago held by this court that the city officers had the power to grade and improve the streets, but that in doing so " their agents or contractors have not the right to lay traps or dig pits in the public streets. They are bound, as all other persons are, to use ordinary care and diligence in their operations." See *Milwaukee v. Davis*, 6 Wis. 377, 388. It was held in that case that it was " the duty of the city to see that the work of altering, grading, and improving streets be so performed that no person be injured by any negligence, want of care, or omission of duty by any of its agents or operatives in performing the work." The rule laid down in this case has been sustained in several other cases in this court. *Klatt v. Milwaukee*, 53 Wis. 196, 201; *Prideaux v. Mineral Point*, 43 Wis. 513, 523. In all these cases it was taken for granted that the city had notice of what it had itself created. It would seem something near an absurdity to say that the city should have actual notice of an obstruction in a street which it had caused by

its own act, before it could be made liable for injury resulting from it.   That no notice is required in a case where the obstruction or defect in the street was caused by the direct act of the officers of the city or by their employees, was expressly decided in *Springfield v. Le Claire*, 49 Ill. 476; *Barton v. Syracuse*, 36 N. Y. 54, 58; *Chicago v. Johnson*, 53 Ill. 91.   See, also, 2 Dill. Mun. Corp. § 1024, and notes.   The statute requiring notice was evidently intended to apply to acts of omission on the part of the city or its officers or agents, by reason of which a street becomes out of repair or obstructed; and not to cases where, in the discharge of its duty, the city is in the act of repairing the street, and thereby creates an obstruction which endangers the public. In all such cases the city becomes liable for the injury resulting from such obstruction, unless the public are in some way warned against the danger by proper signals or guards. See cases cited above.

That the city is liable as any other employer for the acts of those employed by it in the opening, improvement, or repair of streets, has lately been decided by this court in the following cases: *Meinzer v. Racine*, 70 Wis. 561, and *Addy v. Janesville*, 70 Wis. 401.   The provision in the charter of the city of *Oshkosh* above quoted must be construed, not as extending the law of notice to cases that did not theretofore require any notice, but as defining how the notice which the law then required should be given must thereafter be proven.   This was the construction given to the provision by this court in *Studley v. Oshkosh*, 45 Wis. 382, and is undoubtedly the true construction.   In that case Justice Lyon, in his opinion, says:   "Upon full consideration of the whole section, it seems to us that the legislature intended thereby to change or qualify the then existing law only in these two particulars:   (1) By designating an officer who must have notice of the defect before the city can be held liable for injuries caused by it; and (2) by fix-

ing a time before which no presumption of notice of such defect can arise, and after which such presumption does arise. In all other respects we think the law remains as it was before the section was enacted."

*By the Court.*— The judgment of the county court is affirmed.