King vs. The City of Oshkosh.

KING, Respondent, vs. THE CITY OF OSHKOSH, Appellant.

*January 7 — January 28, 1890.*

*Municipal corporations: Injury to person from hydrant on sidewalk: Excessive damages: Evidence.*

1. If the officers of a city unnecessarily suffer a dangerous structure or object to remain upon its streets, after notice of its existence and time to remove it, the city is liable for an injury caused thereby

to one in the exercise of proper care. So *held,* where the plaintiff, in the night time, fell over a hydrant maintained within the limits of the sidewalk by a private company with the consent of the city.

2. In an action for personal injuries a verdict for $600 is *held* not excessive, the evidence tending to show that the injuries were quite serious, resulting in considerable suffering, expense, and loss of time, that the plaintiff's health and ability to earn money were thereby impaired, and that to some extent the injuries might be permanent.

3. In an action for personal injuries, evidence as to the plaintiff's physical condition before and after the injury, and that he complained of pain to his physician and others, is admissible.

4. In such an action evidence as to the effect which a certain gymnastic exercise, in which the plaintiff engaged shortly after the injury, had upon another person who engaged therein, is inadmissible.

APPEAL from the Circuit Court for *Winnebago* County.

The plaintiff brought this action to recover damages for personal injuries received by him by reason of falling over a hydrant in the defendant city, while walking on one of the streets therein in the night time. The hydrant over which plaintiff fell is within the limits of the sidewalk on Main street, near the Revere House. It is fifteen inches high, and is located about two feet from the curb or outer edge of the walk. This walk is twelve feet wide. Main street is one of the principal thoroughfares in the city. The hydrant was placed and maintained there by a private company or corporation, with the consent of the city. All other hydrants in the city (there are eighty-five of them) were located, with a single other exception, outside the curb or very near it on the inside. The plaintiff testified that the night was dark when he was injured, and he did not know of the hydrant. The testimony tends to show that the plaintiff's injuries were quite serious, and may permanently impair his health and ability to earn money.

A special verdict was found to the effect that the plaintiff was injured by stumbling over the hydrant in question; that he was exercising ordinary care at the time to avoid

injury; that the hydrant had been maintained there, in the same condition, four years; that it was so located as to be dangerous to travelers on the sidewalk in the night, using ordinary care; and that the plaintiff sustained $600 damages by reason of the injuries so received. A motion for a new trial was denied, and judgment for the plaintiff entered for the damages assessed by the jury.

No question is raised on the pleadings or instructions to the jury. Error is assigned upon certain rulings on objections to testimony. These are stated in the opinion. The defendant appeals from the judgment.

*M. H. Eaton*, for the appellant.

For the respondent there was a brief by *Finch & Barber*, and oral argument by *Charles Barber*.

LYON, J. 1. The case is a very clear one, both on the law and facts. The jury found, upon sufficient testimony, that the hydrant upon which the plaintiff stumbled and was injured was a structure dangerous to travelers on the street in the night time, while exercising ordinary care, and that it had been allowed to remain there, in the same condition, about four years. In other words, the jury found that the city had suffered a dangerous structure — a nuisance — to remain in its principal thoroughfare all that time. They also found that the injuries complained of were caused thereby, and that when injured the plaintiff was exercising reasonable and proper care. Under these facts, there can be no doubt of the liability of the city.

The case of *Hayes v. Oshkosh*, 33 Wis. 314, is cited by counsel for the city as authority for the proposition that the city is not liable in this action. The rule of that case is not applicable. It was there held that the maxim, *respondeat superior*, did not apply, and hence the city was not liable for the negligent or wrongful act of its officer or employee. Many cases have since been determined by this

court in which the same ruling has been made. Among these are *Wallace v. Menasha*, 48 Wis. 79; *Schultz v. Milwaukee*, 49 Wis. 254; *Little v. Madison*, 49 Wis. 605. In the present case the maxim is applicable, beyond all question. If its officers unnecessarily suffer a dangerous structure or object to remain upon its streets, after notice of its existence and time to remove it, the city is liable for an injury caused thereby to one in the exercise of proper care. It has been so held by this court in numerous cases, and the same doctrine is laid down in some of the cases above cited. These conditions all exist in this case. See *Adams v. Oshkosh*, 71 Wis. 49; *Mulcairns v. Janesville*, 67 Wis. 24.

2. The testimony tends to show that plaintiff's injuries are quite serious, resulting in considerable suffering, expense, and loss of time; also, that his health and ability to earn money are thereby impaired, and that to some extent such injuries may be permanent. Such being the proof, we cannot properly say, as matter of law, that the damages assessed by the jury are excessive.

3. The court admitted testimony of the physical condition of the plaintiff before and after the injury, and that he complained of pain to his physician and others. There is nothing in the testimony tending to show that such complaints were made for a sinister purpose. Without stating this testimony in detail, it must suffice to say that we think it was all admissible within the rule of *Bridge v. Oshkosh*, 71 Wis. 363.

4. For the purpose of showing that the plaintiff was not hurt so badly as he claimed, or that his injuries were caused in part by his own conduct after he stumbled upon the hydrant, testimony was introduced tending to show that a day or two afterwards he engaged in a contest of personal strength or agility with others, called "stretching." One of these stretchers was called on behalf of the city as a witness, and was asked: "What effect did the stretching that

you did there have upon you?" The court sustained an objection to this question. The offered testimony was clearly inadmissible. The proposed testimony did not tend to prove or disprove any issue in the case. It could only have raised an immaterial side issue. The true inquiry was, How did the stretching affect the plaintiff? not, How did it affect the witness? We think the ruling was correct.

This disposes of all the alleged errors adversely to the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.