Brunette vs. The Town of Gagen.

BRUNETTE, Respondent, vs. THE TOWN OF GAGEN, Appellant.

*April 9 — April 27, 1900.*

*Appeal: Exceptions: Instructions to jury: Special verdict: Duplicity: Injury from defective sidewalk: Negligence: Proximate cause.*

1. The giving of general instructions in connection with a special verdict cannot be held error unless exceptions are preserved to the parts complained of.
2. It is not prejudicial error to instruct the jury that slight want of ordinary care constitutes negligence, nor, in the absence of a request therefor, to fail to define ordinary care.
3. Although instructions are subject to criticism because not confined to the fact to be found, an exception on the ground that they are in no manner applicable to the question submitted and fail to inform the jury of the law applicable thereto, is too broad to be available if they have, in fact, some applicability to such question.

4. When a traveler exercising ordinary care suffers injury by stepping into a defect in the sidewalk, which was made by the town officials, or had existed so long as to charge them with notice and the duty to repair, such officials cannot be heard to say that they did not anticipate such an occurrence. Where those facts are found in a special verdict, therefore, errors in the instructions relating to a further question as to proximate cause are immaterial.

5. If a question as to whether the defendant was guilty of negligence which was the proximate cause of plaintiff's injury is answered in the affirmative, there is no duplicity of which the defendant can complain.

APPEAL from a judgment of the circuit court for Oneida county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

This is an action for personal injuries suffered by the plaintiff by reason of a fall on an alleged defective sidewalk upon a highway of the defendant town, said highway being a street in the unincorporated village of Three Lakes, situated in said town. Upon the trial of the case, it appeared that prior to the 17th of December, 1897, for a considerable time, a sidewalk had been maintained on the east side of the highway in question, and that upon said last-named date a portion of the sidewalk about twenty-eight feet in length was removed by the chairman of the town board of the defendant, leaving an unguarded step of somewhere from seven to fifteen inches in height from that part of the sidewalk remaining down to the ground at each end of the space where such removal had taken place; that on the night of December 25th following such removal the plaintiff was passing along the street, and stepped off from one end of the sidewalk remaining, and was thrown to the ground, and suffered injuries which the testimony tended to show were permanent in their character. The plaintiff claimed that she had no knowledge of the removal of said portion of the sidewalk.

The following special verdict was returned by the jury: "(1) Was Michigan street, in the village of Three Lakes, on

and along the east side of block 2, in said village, one of the public highways of the defendant town, and opened to travel by vehicles and pedestrians, on the 25th day of December, 1897, and for a long time prior thereto? *By the Court:* Yes. (2) Was there a sidewalk on and along the east side of block 2 and on Michigan street, in the village of Three Lakes, which was generally used for foot travel along said street, on and for a long time prior to December 25, 1897? *By the Court:* Yes. (3) Did the chairman of the defendant town cause à portion of the sidewalk along the east side of said block 2 and in Michigan street, and about twenty-eight feet in length, to be removed, on or prior to December 17, 1897, and did said portion of said sidewalk remain out of its place until after January 1, 1898? *By the Court:* Yes. (4) Was due notice of the injury complained of served on the chairman of the defendant town on January 24, 1898? *By the Court:* Yes. (5) Did the plaintiff know of the removal of said portion of the sidewalk prior to the time she claims to have fallen in passing over said sidewalk, on the night of December 25, 1897? No. (6) Was the plaintiff injured on the night of December 25, 1897, by stepping off the sidewalk and down to the ground which was under the portion of the sidewalk that had been removed? Yes. (7) Was the plaintiff, at the time of the accident complained of, guilty of a slight want of ordinary care which contributed to the happening of the accident? No. (8) Did the removal of the portion of the sidewalk in question constitute such a defect in the highway at that place as to render it unsafe and dangerous to foot passengers passing along said sidewalk in the night time, in a northerly direction, and in the exercise of ordinary care? Yes. (9) Was the defendant town guilty of negligence in allowing the portion of the sidewalk in question to remain out of place at the time of the accident to the plaintiff, on the night of December 25, 1897, which negligence was the proximate cause of the injury to the

plaintiff? Yes. (10) If the court should be of the opinion, from your answers to the foregoing questions, that the plaintiff is entitled to recover, at what sum do you assess her damages? $900."

The defendant moved to set aside the verdict and for a new trial, but the motion was overruled, and judgment for the plaintiff rendered upon the verdict for the amount of damages assessed by the jury, and the defendant appeals.

For the appellant there was a brief by *F. J. & C. F. Lamb*, and oral argument by *C. F. Lamb*.

For the respondent there was a brief by *N. A. Colman* and *John Barnes*, and oral argument by *Mr. Barnes*.

WINSLOW, J. Upon the facts found by the special verdict there can be no doubt of the plaintiff's right of recovery; hence the only questions for serious consideration are whether the evidence was sufficient to sustain the findings, and whether any errors of law were committed in arriving at those findings. Upon the first question we deem it sufficient to say that, after reviewing the evidence, we are satisfied that there was ample evidence upon which the findings could be properly based.

Proceeding to the second question, several alleged errors must be discussed.

1. It is said that the court gave the jury general instructions upon the duties, obligations, and liabilities of the parties, and that this was error, because a special verdict only was to be rendered, citing *Ward v. C., M. & St. P. R. Co.* 102 Wis. 215. It may be doubtful whether the charge is open to the criticism made, but, conceding that it is, the objection cannot prevail, because no objection or exception was preserved to those parts of the charge complained of.

2. In submitting the seventh question, as to slight want of ordinary care by the plaintiff contributing to the accident,

the court charged, in substance, that this question should be carefully read and fully understood, and that the court must be informed by the verdict whether the plaintiff contributed to the accident by slight want of ordinary care, which in this case would be negligence on her part. It is said that this charge, in legal effect, instructed the jury as to the effect of their answer upon the plaintiff's right of recovery, and also that it is erroneous in not defining what is meant by ordinary care. We think the objections are somewhat hypercritical. To tell the jury that want of ordinary care constitutes negligence is certainly frequently done, and to hold such a statement to be prejudicial error would be imposing entirely too close and technical a rule upon the trial courts. It would have been better to have defined ordinary care, but, in the absence of a request for a definition, we cannot say that it is error to omit to define the term.

3. In submitting the eighth question, the court said, in substance, that the question related to the physical condition of the place of accident; that all travelers are expected to use ordinary care in passing along a street by day or by night, and have a right to rely upon the street being in a reasonably safe condition to persons exercising ordinary care; that the plaintiff had a right to assume that the sidewalk was in a reasonably safe condition for her to pass over in the exercise of ordinary care; so that the question should be answered " Yes " or No," according to the fact. The exceptions to these instructions were that they were in no manner applicable to the question and failed to inform the jury of the law applicable to the facts involved in the question. While it must be admitted that the instructions are subject to justifiable criticism in not being confined to the fact to be found, we think the exception is too broad to be available. The jury are certainly informed, in substance, that the town should keep the street in a reasonably safe

condition for use by persons exercising ordinary care, and it cannot be said that the instructions are in "no manner" applicable to the question.

4. As to the ninth question, it is objected that it is double, and that proximate cause was not properly defined. It may well be doubted whether this question was in any respect necessary. The jury had found an actionable defect in the street caused by the chairman of the town more than a week prior to the accident, by which the plaintiff was injured while exercising ordinary care as a traveler, and the argument would be strong that no further finding of negligence was necessary. Certainly, no question of proximate cause was left, because, when a traveler exercising ordinary care suffers injury by stepping into a defect in the sidewalk, which was made by the town officials, or had existed so long as to charge them with notice and the duty to repair the same, such officials cannot be heard to say that they did not anticipate such an occurrence. So, if there was error in the instruction as to proximate cause, it was harmless. As to the alleged double character of the question, it might be with some reason said to be double if the answer had been in the negative; but, when answered in the affirmative, there is no duplicity of which the defendant can complain, because, in order to so answer it, every juryman must necessarily say that there was negligence which proximately caused the injury; the two elements cannot be severed.

5. It is contended that the verdict is excessive, but we are unable to say so from the evidence.

Other minor errors are alleged, but we have found nothing which can be deemed prejudicial or which requires treatment.

*By the Court.*— Judgment affirmed.