SMITH, Appellant, vs. CLAYTON CONSTRUCTION COMPANY, Respondent.

*November 19, 1925—February 9, 1926.*

*Municipal corporations: Obstructing sidewalk: Negligence: Contractor stretching hose from hydrant across sidewalk: Questions for jury.*

1. Evidence that the defendant contractor had stretched a hose one and one-half to four inches in diameter and closely resembling the sidewalk in color from a hydrant across the sidewalk, without any warning to or protection for pedestrians, was sufficient to enable the jury to conclude that the defendant was negligent in obstructing the sidewalk.  p. 94.
2. A finding of the jury that the plaintiff was not guilty of contributory negligence was warranted where the evidence showed that she was looking for a house on the opposite side of the street and was trying to distinguish the numbers on the houses.  pp. 94, 95.
3. Sec. 62.17, Stats., to the effect that sidewalks shall be kept clear for the use of pedestrians, is inapplicable to cities of the first class, though the same principle is established by secs. 81.15 and 81.17; but where the defect in the sidewalk is caused by the negligence of another, such other is primarily liable. pp. 94, 95.

APPEAL from an order and a judgment of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Reversed, with directions.*

Action was commenced for damages on account of personal injuries received by the plaintiff while walking along the sidewalk on one of the public streets in the city of Milwaukee, by reason of being tripped on a hose stretched across the walk by the defendant.  The complaint charged negligence in the obstruction of the sidewalk.

The defendant denied negligence and claimed contributory negligence on the part of the plaintiff.  The cause was tried before the court and a jury, and a special verdict was rendered, as follows:

"(1) Did the defendant fail to exercise ordinary care in placing its hose across the sidewalk at the time and place in question?    A.  Yes.

"(2) If you answer question No. 1 'Yes,' then you may answer this question: Was such failure to exercise ordinary care the proximate cause of plaintiff's injury?    A.  Yes.

"(3) Did any want of ordinary care on the part of the plaintiff contribute to her injury?    A.  No.

"(4) If you find that the plaintiff should recover, at what sum do you assess her damages?    A.  $4,250."

Thereafter the plaintiff moved for judgment on the verdict, and the defendant moved to change the answer to the first question from "Yes" to "No" and to the third question from "No" to "Yes."   The court granted the motion to change the answer to the first question and denied the motion as to the third question.   Thereupon judgment was entered in favor of the defendant dismissing the plaintiff's complaint.   Plaintiff appeals from the order changing the answer in the verdict and from the judgment.

For the appellant there was a brief by *Cannon & Waldron,* attorneys, and *Levi H. Bancroft,* of counsel, all of Milwaukee, and oral argument by *Ray J. Cannon.*

For the respondent there was a brief by *Walter F. Mayer* and *James E. Coleman,* both of Milwaukee, and oral argument by *Mr. Mayer.*

The following opinion was filed December 8, 1925:

CROWNHART, J.   The defendant was a contractor and was engaged under contract in paving a public alley with concrete for the city of Milwaukee.   To obtain water for its purpose the defendant attached a hose to a fire hydrant, and stretched the hose across the sidewalk on the east side of Fourteenth street in said city.   The plaintiff, while walking north on the east side of Fourteenth street, along said sidewalk, tripped and fell over the hose, and sustained serious and permanent injuries.

The appellant contends that the placing of the obstruction on the sidewalk constituted sufficient evidence of negligence on defendant's part to take the question to the jury, and that the court erred in setting aside the verdict of the jury on that question.

The general principles of law are well established. Sidewalks in cities are designed for the use of pedestrians, and they are required to be reasonably safe for that purpose. Any person who shall unreasonably obstruct a sidewalk by placing materials thereon or across the same, so as to endanger the safety of travelers thereon, is liable for injuries proximately following therefrom. Travelers on sidewalks must use ordinary care to protect themselves from obvious dangers. But travelers on sidewalks in cities are not required to keep their eyes constantly on the sidewalk, but are required to use only such care as the great majority of pedestrians use under the same or similar circumstances. The courts quite uniformly hold that the attention of pedestrians may be diverted by various causes, and a mere temporary diversion does not subject the pedestrian to the defense of contributory negligence as a matter of law. It is a matter of common knowledge that pedestrians usually do have their attention diverted from the sidewalk by a multitude of occurrences in large cities. Show windows are attractively arranged to draw their attention; public conveyances in the street, which they desire to use, are watched for; they have their attention diverted to the observation of signs at street corners and other places in order to ascertain their location and the places they are seeking. So these matters of obstructing streets and of negligence with reference thereto, and the contributory negligence of pedestrians, generally present questions of fact for the jury. *Wheeler v. Westport,* 30 Wis. 392; *Brunette v. Gagen,* 106 Wis. 618, 82 N. W. 564; *Paulson v. Pelican,* 79 Wis. 445, 48 N. W. 715; *Zoellner v. Fond du Lac,* 147 Wis. 300, 133

N. W. 35; *King v. Oshkosh*, 75 Wis. 517, 44 N. W. 745; *West v. Eau Claire*, 89 Wis. 31, 61 N. W. 313; *Weisenberg v. Appleton*, 26 Wis. 56; *Denver v. Maurer*, 47 Colo. 209, 106 Pac. 875; *Lattimore v. Union E. L. & P. Co.* 128 Mo. App. 37, 106 S. W. 543.

In this case it appears without contradiction that the defendant stretched the hose from the fire hydrant across the sidewalk. The testimony is in sharp dispute as to the size and color of the hose. The jury having found in favor of the plaintiff, we must assume that they accepted the plaintiff's version as to the character of the hose, and it would thus appear that the hose was from three and one-half to four inches in diameter and of a grayish color, closely resembling the color of the sidewalk. The defendant did nothing in the way of protecting pedestrians from stumbling and falling over the hose. It claims that it followed the usual and customary practice of contractors in the city of Milwaukee in respect thereto. The plaintiff, walking along the sidewalk in the daytime, was looking for a house on the opposite side of the street and was trying to distinguish numbers on the houses, and while so occupied stumbled over the hose in question.

Every case of negligence depends upon its own facts, and it would appear here that a hose which was three and one-half to four inches in diameter, stretched across a public sidewalk, with no warning to pedestrians and no protection from stumbling against the hose, constituted evidence of a dangerous obstruction in the sidewalk, from which the jury might conclude that the defendant was negligent in thus obstructing the sidewalk.

It is claimed in the defendant's brief that "the defendant had a written permit to use the water and the particular hydrant in question, with a right to attach the hose thereto, and use the highway and sidewalk for that purpose."

Smith v. Clayton Construction Co. 189 Wis. 91.

Reference to the case and the record does not disclose any evidence that the city permitted the defendant to so use the sidewalk. The evidence of Roy Brown, superintendent of the defendant company, upon which defendant relies for the statement, is as follows: "*Q.* Did you have a permit to block the sidewalk? *A.* We had a permit to use a water hydrant." The question was repeated, with the same answer. He testified that the permit had been returned to the city, and it was not shown in the evidence.

Many cases are called to our attention, but none of them does more than illustrate the general principles of law here enunciated. In this case the court sustains the finding that the plaintiff was not guilty of contributory negligence, and, as we have suggested, that finding is sufficiently supported by the evidence.

Appellant cited sec. 62.17 of the Statutes, to the effect that sidewalks shall be kept clear for the use of pedestrians. That section does not apply to cities of the first class, although the same principle is established by the decisions heretofore cited and secs. 81.15 and 81.17, Stats. Under sec. 81.17, where the city is liable for defects in a sidewalk caused by the negligence of another, such other is made primarily liable.

We conclude upon the whole case that the verdict of the jury is supported by the evidence, and that the answer to question one should not have been changed by the trial court.

*By the Court.*—The judgment of the circuit court is reversed, with directions to reinstate the answer in the special verdict and to render judgment thereon in favor of the plaintiff.

A motion for a rehearing was denied, with $25 costs, on February 9, 1926.