Adlington v. Viroqua, 155 Wis. 472.

ADLINGTON, Respondent, vs. CITY OF VIROQUA, Respondent, and others, Appellants.

*December 12, 1913—January 13, 1914.*

*Appeal: Verdict, when conclusive: Injury from defective sidewalk: Duty and liability of abutting owners: Discharge of water upon walk: Negligence: Duty to keep walks in repair: Landlord and tenant: Excessive damages.*

1. Where the evidence is conflicting the verdict of a jury, confirmed by the trial court, is conclusive; and when the trial court fairly decides that there is a conflict in the evidence the determination is well nigh as conclusive as a verdict where a conflict of evidence is conceded.

2. It is the duty of a city to maintain its sidewalks in a suitable condition for public travel; but it is the duty of the abutting owners to act reasonably to prevent and remedy a condition rendering the walk unsuitable for use.

3. If an abutting owner by his own fault renders a sidewalk defective, he is liable for a resulting injury regardless of the concurrent liability of the city.

4. Ordinary care for the safety of others is not consistent with such conduct as that of a person accumulating into a body the water falling upon his premises and discharging the same in such a manner that the natural and probable result will be to render the premises receiving the flow unsuitable for their ordinary use.

5. Where the owners of a building discharged water from the roof thereof through a conductor pipe into an alley near a sidewalk, and a culvert under the walk, designed to afford a channel for such water, had been obstructed for some time, so that as a natural and probable consequence the water flowed upon the walk, causing ice to form thereon and render the walk unsafe, a jury was warranted in finding that said owners acted unreasonably and hence negligently in thus discharging the water, even if it be conceded that it was the duty of the city to keep the culvert clear. *Hausmann v. Madison*, 85 Wis. 187, distinguished.

6. But, under sub. 7, sec. 925—205, Stats., imposing upon abutting lotowners the duty of keeping sidewalks in repair, it was the duty of the owners of the premises, primarily, to repair the obstructed condition of the culvert.

7. The duty to repair being imposed upon the owners, the fault which rendered the manner of discharging the water from the

premises unreasonable and negligent was the fault of the own-
ers, even though the premises were at the time occupied by a
tenant, especially since the conditions in question existed long
before the premises were leased.

8. Where a married woman, fifty-five years of age, sustained seri-
ous injuries by reason of a fall on an icy sidewalk and, though
no bones were broken, suffered much pain, was unable to go
outdoors for some months, could not for nearly a year go
about as usual, and was likely always to suffer some sense of
weakness and infirmity from the injury, an award of $1,500,
though large, was not clearly excessive.

APPEAL from a judgment of the circuit court for Vernon
county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action to recover for a personal injury alleged to have
been caused by the unsafe condition of a sidewalk.

The sidewalk was alleged to be in front of property owned
by *Henry Lindeman, William T. Lindeman, Regina Trow-
bridge,* and Albon Lindeman. The accident occurred dur-
ing the lifetime of the latter. The action was commenced
against the city after his decease. *Henry Lindeman* and
*Edith Lindeman,* in due course, were appointed adminis-
trators of his estate. Under the charter provision of the
city, sec. 1340a, Stats., making the owners of abutting prop-
erty primarily liable in certain cases, they were brought in
as defendants—Albon Lindeman by his personal represen-
tatives. The accident occurred December 9, 1910. The
alleged difficulty with the walk consisted of its being in an
uneven and slippery condition because the water, precipi-
tated upon a large building on the particular property, was
conveyed therefrom by a pipe and deposited in a private
alley on the premises near the walk, so as to flow down the
same to and onto such walk and accumulate thereon suffi-
ciently to create the unsafe condition in cold weather.
There was a culvert designed to afford a channel for the
water under the walk; but it had been obstructed and use-
less for a considerable length of time. In passing over the
walk at this point, plaintiff was alleged to have fallen be-

cause of its rough and slippery condition produced by the aforesaid circumstances. She was alleged to have received severe bodily injuries.

The issues were thus specially decided: Plaintiff was injured by falling on the sidewalk at the time and place alleged in the complaint. The walk was defective by reason of an accumulation of ice thereon. Such accumulation was formed from water discharged near the walk by way of a conveyor pipe leading to and taking water from the building in question. Ordinary care was not exercised in respect to the pipe and gutter and the culvert leading therefrom. Such fault was the proximate cause of plaintiff's injury. Had the officers of the city of *Viroqua* exercised ordinary care, they would have discovered the unsuitable condition of the walk in time to have remedied it. The condition of the walk had been continuous for three weeks prior to the accident. There was no want of ordinary care on plaintiff's part which contributed to produce her injury. She was damaged to the extent of $1,500. Judgment was rendered on the verdict in plaintiff's favor. The defendants, other than the city, appealed.

For the appellants there was a brief by *Bunge & Bosshard,* and oral argument by *George W. Bunge.*

*C. W. Graves,* attorney, and *J. Henry Bennett,* of counsel, for the respondent *Adlington.*

*H. P. Proctor,* for the respondent *City of Viroqua.*

MARSHALL, J. The points argued in appellants' brief which are not discussed in this opinion, must be regarded as not involving any proposition of sufficient moment to warrant opinion treatment. It is quite useless to urge upon the attention of this court as ground for disturbing a judgment, that the jury came to a wrong conclusion as to matters involved in conflicting evidence. Where there is evidence on one side and evidence, direct or circumstantial, on the

other, which from any viewpoint a jury could reasonably believe, the result, confirmed by the trial judge, is conclusive. That doctrine is older than this court. It cannot be too well appreciated. It should be remembered that the rule cannot be overcome by mere argument that there is no conflict in the evidence. When the trial court fairly decides that there is a conflict, warranting jury interference, the determination is well nigh as conclusive as a verdict where a conflict of evidence is conceded. *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573; *Bohn v. Racine,* 119 Wis. 341, 96 N. W. 813; *McCune v. Badger,* 126 Wis. 186, 105 N. W. 667; *Slam v. Lake Superior T. & T. R. Co.* 152 Wis. 426, 140 N. W. 30.

Before it can be said that the evidence does not present a case of conflict, we must conclude that the trial judge was clearly wrong on the preliminary matter after giving due weight, in favor of the initial decision, to all the advantages below. That obviously calls for a case so strong as to leave little or no good ground to differ in respect to it. Here the trial judge was challenged, again and again, on the subject of whether there was a conflict of evidence affording room for a decision in either of two ways. The decision first given was likewise affirmed. If that must stand, and we are unable to see any commanding reason why not, the verdict must necessarily prevail as regards the right of the conflict.

It is contended that the facts, as found by the jury and established by evidence, do not indicate any violation of duty on defendants' part. That is predicated on the theory that the culvert under the sidewalk was properly constructed and that its defective condition was not the fault of appellants nor of any one for whose acts they were responsible.

By reference to numerous cases, it is conceded that, if one discharges water through a spout directly onto a sidewalk causing ice to form thereon so as to render the way defective, he is guilty of actionable negligence. That concession ac-

cords with well settled principles and is quite enough for this case. True the facts here are somewhat different from those in any of the adjudications cited to our attention; but the principle does not spring from the facts. The facts render the principle applicable. The principle is that ordinary care for the safety of others is not consistent with such conduct as that of a person accumulating water falling upon his premises into a body and discharging the same so as to, naturally and probably, result in rendering the premises receiving the flow in the artificial way, unsuitable for their ordinary use. He may divert surface water from flowing onto his land, or change the surface so as to cause water falling or coming thereon from higher lands to flow therefrom, accumulated into a stream, so long as he acts with reasonable regard for the effect upon the lower premises. That is the doctrine of the common law which has been fully adopted in this state. *Shaw v. Ward,* 131 Wis. 646, 111 N. W. 671, except in so far as modified in *Pettigrew v. Evansville,* 25 Wis. 223.

The fact that accumulated water is not discharged directly on the lower premises but is released near by and reaches such premises with substantially the same effect as if discharged thereon, makes no difference. *Pettigrew v. Evansville, supra.* So here the fact that the water was discharged from defendants' conveyor pipe a few feet from the edge of the sidewalk, is of little consequence, so long as the natural and probable result was that it would reach the sidewalk with substantially the same consequences as if discharged at or on the walk. It will be observed that when one artificially causes the surface water falling upon his premises to flow therefrom, collected into a stream, he may or may not be liable for the injurious consequences according to circumstances. The maxim that there is reason in all things, applies. He cannot legally act regardless of re-

sults of a serious character to others, especially if such results could be, reasonably, avoided.

In view of the foregoing, it was a fair question for the jury as to whether appellants did not act unreasonably and, so, negligently, in discharging the water from their conveyor pipe in such a manner as to render, natural and probable, an unsafe condition of the sidewalk where that could have been avoided without any great inconvenience by keeping clear the conduit under the walk. True, it was the business of the city to maintain its sidewalk in a suitable condition for public travel; but it was the duty of the abutting owners to act reasonably to prevent and remedy a condition rendering the walk unsuitable for use. With the duty to act reasonably in ridding the premises of surface water, and duty as regards the safety of the walk, there was evidence to carry the question of negligent breach to the jury.

It is no sufficient answer to say that the culvert made the walk safe, in general, and that it was the obstructed condition, for which appellants were not at fault, which rendered the water discharged from their conveyor pipe liable to render the walk unsafe. The obstruction had existed so long, appellants must have known of it, as the jury had a right to believe. With such knowledge they continued to discharge the surface water from their premises in a manner which they knew, or ought to have known, as the jury had a right to believe, would cause an unsafe condition of the sidewalk, although such consequences could have been prevented, as the jury might reasonably have thought, by keeping the culvert clear.

We do not overlook *Hausmann v. Madison,* 85 Wis. 187, 55 N. W. 167, upon which counsel for appellants confidently rely, but the principle thereof does not seem to have any efficient bearing on this case. It applies only to the usual condition of slipperiness of sidewalks in winter, caused by

such natural and almost unpreventable occurrence as water dripping from buildings thereon and freezing. Such a situation is quite remote from one where the owner of premises gathers the water falling thereon into a channel and discharges the same at a point where he knows, under the circumstances, or ought to know, an unsafe condition of the adjacent sidewalk will result, and makes no effort to remedy the particular situation rendering his act perilous to public safety.

It is said that it was the duty of the city, not of the abutting owners, to clear out the culvert. If that be conceded, it would count for very little under the circumstances. The liability of the culvert to become useless was well known to appellants. The fact that it was useless at the time in question and had been for a long time, was well known to them, as the jury found. Except for the artificial condition created by them, the walk was not defective, even when the culvert was closed. Therefore, it may well be said they created the defect. They deposited water from their premises near the walk knowing, as the jury found, that a nuisance would result rendering the walk unsuitable for public use. It is a familiar principle that, if an abutting owner by his own fault renders a sidewalk defective, he is liable regardless of the concurrent liability of the city. Such is the effect of the statute.

But is it true that it was the duty of the city to keep the culvert in a suitable condition as regards repairs? It may well be admitted that appellants would not be responsible for a defect in the original construction of the walk, that, however, not militating against liability in case of the defective construction creating a known condition which made their act of depositing the water from their premises, as they did, unreasonable, and the result the creation of a nuisance. But the statute expressly imposes upon abutting lotowners the duty of keeping sidewalks in front of their premises in a

proper state of repair. Sub. 7, sec. 925—205, Stats. That, of itself, would not render an abutter liable for damages in case of an accident happening by reason of the sidewalk being defective for want of repairs. *Hay v. Baraboo,* 127 Wis. 1, 105 N. W. 654. However, the obstructed condition of the culvert called for repairs. It was the duty of appellants, primarily, to remedy that infirmity. They knew, or ought to have known, that unless remedied the accumulation of water deposited near the walk from their conveyor pipe would create a nuisance by rendering the walk unsafe. The mere want of repair of the culvert would not have rendered the walk unsafe. It was the discharge of the large quantity of water from the conveyor pipe which did the mischief, under the circumstances. So the argument that it was not the duty of appellants to repair the culvert, is unsound, and the argument that, if it was their duty, failure to perform it, within the principles of *Hay v. Baraboo, supra,* does not affect their liability, is likewise unsound.

The point is made that the premises were leased to a corporation and occupied by it at the time of the accident and that it was the negligence of the tenant rather than that of appellants in leaving the culvert in a useless condition. Counsel overlook the fact that the duty to repair is imposed on the owner. Therefore the fault which rendered the manner of discharging the water from appellants' premises unreasonable and negligent, was their own. They were at fault as regards the culvert not being repaired and as regards the manner in which the water from their premises reached the sidewalk. The conditions, in that regard, existed long before they leased the premises, as satisfactorily appears from the evidence.

The further point is made that the damages awarded are excessive. That is merely suggested to our attention without argument. The evidence indicates that respondent was a married woman fifty-five years of age, when injured; that,

though no bones were broken, her injuries were quite seri-. ous; that she suffered much pain, was unable to go about outdoors for some months; that it was well near a year before she could go about, at all, as usual, and that she will be quite likely to always suffer some sense of weakness and infirmity from her injury. True, since she could not recover for impaired working ability, the amount assessed by the jury seems quite large; but not so large that it clearly appears to be excessive.

*By the Court.*—The judgment is affirmed.