SHERMAN, Respondent, vs. CITY OF LA CROSSE, Respondent, and LA CROSSE REFINING COMPANY, Appellant.

*May 3—June 5, 1923.*

*Municipal corporations: Defective sidewalks: Accumulations of ice: Water flowing from private sidewalk: Liability.*

The owner of property on which there was a thirty-foot brick sidewalk extending along a building and directly under the eaves, and which had a slight slope towards the city sidewalk with which it connected, was not liable for injuries sustained by a pedestrian by falling on the sidewalk on ice formed from water running down the brick walk onto the sidewalk, the brick walk not being built for the purpose of accumulating water coming from the roof of the building and conveying it onto the city sidewalk and such effect being but incidental. *Adlington v. Viroqua,* 155 Wis. 472, distinguished. CROWNHART, J., dissents.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Reversed.*

Plaintiff fell and was injured on an icy sidewalk in the city of *La Crosse.* She brought this action against the city to recover damages. Upon motion of the defendant city the defendant *La Crosse Refining Company* was made a party to the action. In its cross-complaint the city alleged that the slippery and unsafe condition of the sidewalk was due to the negligent conduct of the refining company in accumulating water dripping from the roof of one of its buildings and precipitating it to the sidewalk.

By a special verdict the jury found (1) that the plaintiff was injured; (2) that the sidewalk was defective and insufficient for public travel by reason of an accumulation of ice thereon; (3) that such condition was a proximate cause of the accident; (4) that such accumulation of ice was formed from water discharged from the roof of the defendant *La Crosse Refining Company's* building onto a brick walk on the south side of said building and from there conveyed over said walk to the sidewalk in question at the place

of the accident; (5) that said defendant *La Crosse Refining Company* was wanting in the exercise of ordinary care in so maintaining said building and brick walk as to cause the water from its roof to be discharged onto the sidewalk at the place of said accident; and (6) that such want of ordinary care on the part of said defendant *La Crosse Refining Company* was a proximate cause of the accident and injury to the plaintiff. The plaintiff was exonerated of contributory negligence and her damages were assessed at the sum of $5,000. Judgment was rendered for this amount, together with costs, against both defendants, it being adjudged that the *La Crosse Refining Company* was primarily liable. From the judgment so entered the *La Crosse Refining Company* appeals.

For the appellant there was a brief by *Lees & Bunge* of La Crosse, and oral argument by *Andrew Lees*.

For the respondent *Sherman* there was a brief by *Cowie & Hale* of La Crosse, and oral argument by *Quincy A. Hale*.

*Oscar J. Swennes* of La Crosse, for the respondent *City of La Crosse*.

Owen, J. The city of *La Crosse* did not appeal from the judgment, and we are called upon to review only questions affecting the liability of the refining company. Third street in the city of *La Crosse* runs north and south. The defendant refining company is the owner of abutting property on the east side of said street. A large brick building is erected on its property at right angles with the street. The sidewalk extends up snug to the brick building, although the building seems to be set back 3.8 feet from the ordinary sidewalk line. It has an ordinary gable roof, and the water drains from the roof on the north and south sides of the building. On the south side of the building the refining company has constructed and maintains a brick sidewalk, six feet in width, extending back from the regular sidewalk

line a distance of 31.6 feet.   This sidewalk is built snug to the south side of the building, and, as a consequence, water from the south side of the roof of the building drips onto this brick sidewalk in times of rain and melting snow.   In the 31.6 feet the brick sidewalk has a drop of something over an inch towards the city sidewalk.   It pitches very slightly towards the building, but not to exceed 7-100 of a foot in its width of six feet.

Plaintiff was injured on the 12th day of January, 1922. Prior to this time there had been a heavy fall of snow.   A path had been shoveled along the brick walk and the snow thrown up on either side thereof.   Water resulting from melting snow on the roof of the building, as well as that on and along the brick walk, had run down said walk onto the city sidewalk, forming the icy condition of the city sidewalk upon which plaintiff slipped and fell.

It is contended that the refining company's liability is established by the case of *Adlington v. Viroqua,* 155 Wis. 472, 144 N. W. 1130.   In that case the defective condition of the sidewalk was caused by water discharged near the walk by a conveyor pipe leading from the defendant's building.   The conveyor pipe emptied into a gutter, which took the water under the sidewalk.   This gutter, however, had frozen up, causing the water accumulated from the conveyor pipe to flow over instead of under the sidewalk.   It will be noted that in the *Adlington Case* the owner had accumulated the water dripping from his roof in the conveyor pipe for the purpose of preventing it from running onto his own premises and discharging it in the street.   There was a deliberate and intentional purpose on the part of the owner to accumulate the water and discharge it in the street.   It is not contended in this case that if the water had dripped from the refining company's roof onto the ground and from there run onto the city sidewalk that the refining company would have been liable.   It is claimed that the brick walk was con-

structed in such a manner as to accumulate the water, and that it was an artificial accumulation and not a natural flow of the water which caused the icy condition of the sidewalk.

The brick walk involved in this case is an improvement very common to city property. Indeed, most city property owners have some kind of a walk leading from their house to the city sidewalk. This walk was built in the ordinary manner. It was built for and devoted to the ordinary and usual purposes of a sidewalk. It is not contended that it was built for the purpose of accumulating water coming from the roof of the building and conveying it onto the city sidewalk.

We have therefore a very usual and ordinary improvement of city property abutting on a street, not built for the purpose of accumulating and discharging water on the city sidewalk, but which, perhaps, has that incidental effect. The question is whether such an improvement, having such an incidental effect, constitutes actionable negligence on the part of the property owner when the water freezes and causes an unsafe condition of the city sidewalk. We do not think the result here should be regarded as an artificial accumulation of surface water. This brick walk, and the purpose for which it was constructed, is in no sense comparable to the conveyor pipe, and the purpose for which it was constructed, in the *Adlington Case.* That plainly constituted an accumulation of surface water. It was constructed for that express purpose. The situation is quite different from an ordinary improvement, intended for a different purpose, which may have an incidental influence upon the natural flow of surface water. We hold that the situation here did not constitute an artificial accumulation of surface water, and that no actionable negligence on the part of the refining company is disclosed by the evidence. The judgment against it is erroneous.

Although the city has not appealed from the judgment, we are urged to pass upon questions presented by the record

affecting its liability. We find it unnecessary to consider any question except that of the appealing defendant's liability, and as we reverse the judgment on grounds which do not affect the liability of the city we cannot disturb the judgment against it.

*By the Court.*—The judgment rendered against the defendant *La Crosse Refining Company* is reversed, and cause remanded with instructions that the cross-complaint against it be dismissed.

CROWNHART, J. (*dissenting*). As I understand the case of *Adlington v. Viroqua,* 155 Wis. 472, 144 N. W. 1130, it was there held that a property holder who, by artificial means, gathers the waters from a roof of his building and causes them to flow across a city sidewalk, is liable to a pedestrian injured on the walk by reason of such waters freezing thereon in such manner as to cause a defect in the walk. I am unable to conceive of any difference in principle between that case, where the waters were gathered in a gutter under the eaves and then deposited by a down-spout in the alley and carried thence by the lay of the ground onto the sidewalk, and the instant case, where the defendant property owner placed a brick walk under his eaves in such condition that it gathered the waters from the roof of his building and carried them directly onto the sidewalk, where they froze into a defect thereon, from which plaintiff was injured. The lower court correctly applied the principle laid down in the *Adlington Case* to the instant case, so it clearly appears to me, and as there is no suggestion that that case be modified or overruled, I think the judgment of the lower court should be affirmed.

I do not fail to note that the opinion of the court makes the distinction in the *Adlington Case* that there was a deliberate and intentional purpose on the part of the defendant property owner to accumulate the water and discharge it in the street. Quite true; but his intent and purpose was to

prevent interference with the sidewalk by causing the water to flow under the walk and not over it.  The judgment was on the ground of negligence, not on deliberate intent.  Here, as there, the negligence was a question for the jury.  Here the defendant recognized its duty to prevent injury to pedestrians, for it had salt and ashes in a pail in its building which a servant was directed to sprinkle on the ice from time to time but which he failed to do.  It was the failure to perform this duty that caused the accident to plaintiff.

On the grounds stated I respectfully dissent from the judgment of the court.