WILLIAM J. MILLER *vs.* PAWTUCKET MANUFACTURING COMPANY.

JANUARY 27, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

CAPOTOSTO, J.   This is an action of trespass on the case brought by the plaintiff against the defendant for injuries alleged to have been suffered by him from falling on "an icy surface" on the sidewalk in front of defendant's premises. The case is before us on the plaintiff's exception to a ruling of the superior court sustaining a substantial demurrer to the declaration.

The declaration is in two counts. The first count alleges that the defendant is the owner of certain land with a building thereon, one side of which was "flush" with the northerly sidewalk of Barton street, a public highway in the city of Pawtucket; that "on the 13th day of March, 1941, and for a long time prior thereto, the defendant kept and maintained upon said premises a certain cement trough or gutter about two feet wide" along the easterly side of said building, "which said gutter or trough pitched downward from said premises to said northerly sidewalk of Barton Street;" that for a long time prior to the date of the accident, the defendant "permitted and allowed large quantities of water and melted snow to be and accumulate in said gutter upon said premises"; and that it became and was the duty of the defendant "to prevent the discharge and the flowing of the said water and said melted snow on to and upon said northerly sidewalk of said Barton Street."

This count further sets forth that, on the date of the accident and for a long time prior thereto, the defendant, in

disregard of its alleged duty, "negligently permitted and allowed said water and melted snow to flow in large quantities from said gutter on to and upon said northerly sidewalk of said Barton Street, whereby and in consequence whereof said water flowing and discharged from said gutter on to said sidewalk as aforesaid, congealed and froze, and created an icy surface on said sidewalk, all of which and the dangers resulting therefrom was well known to the defendant." The count concludes with allegations that, while the plaintiff was in the exercise of due care, he slipped and fell upon the icy surface of the sidewalk, suffering severe and permanent injury.

The second count is similar in most respects to the first count. It charges, in substance, that the defendant negligently permitted and allowed the accumulated rain or melted snow to flow from the gutter on to the northerly sidewalk of Barton street, where, in freezing weather, it created an icy surface on that sidewalk; that the defendant had knowledge of the dangerous condition thus created, and that the plaintiff, "while he was in the lawful use of said northerly sidewalk . . . and while he was in the exercise of due care" sustained injury.

The substance of defendant's six grounds of demurrer to both counts of the declaration is that the allegations thereof do not state a cause of action. The ground upon which a justice of the superior court rested his ruling sustaining the demurrer does not appear of record.

In our opinion each count of the declaration states a case of actionable negligence. The plaintiff bases his claim upon the alleged facts that the defendant kept and maintained on its land an artificial "trough or gutter" in which rain or melted snow was accumulated and from which it was cast upon the sidewalk of Barton street, so that such sidewalk was made dangerous in freezing weather, which condition thus created proximately resulted in injury to the plaintiff, while he was in the exercise of due care.

It is well established that one who, by means of a gutter or other construction, artificially accumulates surface water upon his land and discharges the water so accumulated upon a public highway, where it freezes and makes the highway dangerous, is liable in an action for negligence for injury resulting therefrom to a traveler using due care. *Gilland* v. *Maynes*, 216 Mass. 581; *Tremblay* v. *Harmony Mills*, 171 N. Y. 598; *Stephens' Admr.* v. *Deickman*, 158 Ky. 337; *Adlington* v. *Viroqua*, 155 Wis. 472. Our attention has not been called to any reported case in this state which is directly in point. However, the right to maintain an action for negligence in circumstances similar to those in the instant case has not heretofore been questioned. See *Slavin* v. *Hellenic Baking Co.*, 50 R. I. 217; *Breitschmid* v. *Tilton*, 110 A. (R. I.) 379.

The defendant here relies upon *Therrien* v. *First National Stores, Inc.*, 63 R. I. 44, in support of its contention. That case is in no way comparable to the instant case and therefore has no bearing on the matter now before us.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings.

*Thomas L. Carty,* for plaintiff.

*Clifford A. Kingsley, Francis V. Reynolds, Kingsley, Reynolds & Kingsley,* for defendant.