WALLEY and wife, Appellants, vs. PATAKE, Respondent.

*December 7, 1955—January 10, 1956.*

532

For the appellants there was a brief by *Harvey & Harvey*, attorneys, and *Helm, Myers & Gillett* of counsel, all of Racine, and oral argument by *Samuel P. Myers* and *Richard G. Harvey, Jr.*

For the respondent there was a brief and oral argument by *Vilas H. Whaley*, attorney, and *L. P. Baumblatt* of counsel, both of Racine.

STEINLE, J.   The first question presented for determination is whether the complaint states a cause of action in negligence. The charge asserted in the complaint is that there was negligence on the part of the defendants in that they permitted a heavy accumulation of ice and snow to gather upon the walk, and had permitted such condition to exist for about three or four weeks previous to the injury; and further that, sometime prior to the injury, a steep slope of ice and snow was created by them on each side of the path or trench, which they failed to cover with abrasive material.

The defendants owed no duty to the plaintiffs to keep the sidewalk clear of ice and snow coming thereon from natural causes, or to guard against the risk of accident by scattering abrasive material thereon.

In the absence of a statutory provision to the contrary, the owner or occupant of property owes no duty to pedestrians to keep the sidewalk in front of it free from ice and snow coming thereon from natural causes or by the acts of others, or to guard against the risk of accident by scattering ashes, or using other like precautions, and will not be liable

in damages to persons injured by reason of any failure to so do. 25 Am. Jur., Highways, p. 803, sec. 522.

Sec. 62.17 (5), Stats., provides:

> *"Snow and Ice.* The board of public works shall keep the sidewalks of the city clear of snow and ice in all cases where the owners or occupants of abutting lots fail to do so, and the expense of so doing in front of any lot or parcel of land shall be included in the statement to the comptroller required by paragraph (f) of subsection (3) of this section, and in his statement to the city clerk and in the special tax to be levied as therein provided. The city may also impose a fine or penalty for neglecting to keep sidewalks clear of snow and ice."

The owners and occupiers of the premises abutting a street in a city are not responsible to individuals for injuries resulting from a failure to remove from the sidewalk accumulations of snow and ice created by natural causes, although there is a valid ordinance requiring them to remove such accumulations. The only liability is to pay the penalty prescribed by the ordinance. 1 Thompson, Negligence, p. 360, sec. 26.

In *Griswold v. Camp* (1912), 149 Wis. 399, 135 N. W. 754, it appears that the plaintiff was injured when she slipped on an icy sidewalk. The city ordinance required lot owners to keep the sidewalks sprinkled with ashes or similar substance, under penalty. In affirming the judgment of the lower court which dismissed the case upon the ground that the ordinance did not impose any such liability on the defendant, this court, speaking through Mr. Justice MARSHALL, said (p. 401):

> "The duty of a municipality as regards keeping its sidewalks reasonably safe for public travel, does not, generally speaking, include obviating danger to travelers using such walks from mere slipperiness produced by natural causes. *Cook v. Milwaukee,* 24 Wis. 270; *Salzer v. Milwaukee,* 97 Wis. 471, 73 N. W. 20. So the purpose of the ordinance in

question was not to require the owners or occupants of lots to aid the city in the performance of its duty. There was no common-law duty of a person circumstanced as respondent was to protect travelers from danger of being injured by such slippery condition. That is too clear for argument."

"It may be laid down as a general rule that one who so constructs or maintains a structure upon his premises as to cause an *artificial* discharge or accumulation of water upon a public way, which, by its freezing, makes the use of the way dangerous, will be held liable to one who, being rightfully upon the way and exercising due care, is injured in consequence of such dangerous condition." 25 Am. Jur., Highways, p. 805, sec. 523.

A frequently cited case dealing with the subject confronting us is, *Sherman v. La Crosse* (1923), 181 Wis. 51, 193 N. W. 1004, 34 A. L. R. 406, where the plaintiff, Anne Sherman, brought action against the city of La Crosse for injuries sustained as a result of falling on an icy sidewalk. Upon motion of the city, the defendant, La Crosse Refining Company, was made a party to the action. In its cross complaint the city alleged that the slippery and unsafe condition of the sidewalk was due to the negligent conduct of the refining company in accumulating water dripping from the roof of one of its buildings and precipitating it to the sidewalk. The jury found that the accumulation of ice was formed from water discharged from the roof of the defendant La Crosse Refining Company's building onto a brick walk on the south side of said building and from there conveyed over said walk to the sidewalk in question at the place of the accident and that the defendant La Crosse Refining Company was wanting in the exercise of ordinary care in so maintaining the building and brick walk as to cause the water from its roof to be discharged onto the sidewalk at the place of the accident. It was contended that the refining company's liability was established by the case of *Adlington v. Viroqua* (1914), 155 Wis. 472, 144 N. W. 1130, wherein the de-

fective condition of the sidewalk was caused by water discharged near the walk by a conveyor pipe leading from the defendant's building. The conveyor pipe emptied into a gutter which took the water under the sidewalk. The gutter, however, had frozen up, causing the water accumulated from the conveyor pipe to flow over instead of under the sidewalk. There was a deliberate and intentional purpose on the part of the owner to accumulate the water and discharge it in the street. It was contended that the brick walk was constructed in such a manner as to accumulate the water, and that there was an artificial accumulation and not a natural flow of the water which caused the icy condition of the sidewalk. The court in its opinion at page 54, stated:

"We have therefore a very usual and ordinary improvement of city property abutting on a street, not built for the purpose of accumulating and discharging water on the city sidewalk, but which, perhaps, has that incidental effect. The question is whether such an improvement, having such an incidental effect, constitutes actionable negligence on the part of the property owner when the water freezes and causes an unsafe condition of the city sidewalk. We do not think the result here should be regarded as an artificial accumulation of surface water. This brick walk, and the purpose for which it was constructed, is in no sense comparable to the conveyor pipe, and the purpose for which it was constructed, in the *Adlington Case.* That plainly constituted an accumulation of surface water. It was constructed for that express purpose. The situation is quite different from an ordinary improvement, intended for a different purpose, which may have an incidental influence upon the natural flow of surface water. We hold that the situation here did not constitute an artificial accumulation of surface water, and that no actionable negligence on the part of the refining company is disclosed by the evidence. The judgment against it is erroneous."

In *Johnson v. Prange-Geussenhainer Co.* (1942), 240 Wis. 363, 2 N. W. (2d) 723, the plaintiff sued to recover for injuries sustained in falling on an icy sidewalk adjacent to the premises occupied by the defendant. The icy condition

was caused by water flowing from a defective drainpipe on the defendant's building. The jury found that the defendant was negligent in failing to repair the pipe, and that in the exercise of ordinary care ought to have discovered the defective condition of the pipe in time to have repaired it. Clearly, an artificial condition had been created by the channeling of water over the sidewalk causing ice to form. In its opinion this court, speaking through Mr. Justice FAIRCHILD, now chief justice, said (p. 368) :

"There was raised an issue of fact as to the cause of the icy condition of the sidewalk and an issue of law as to the responsibility between the two defendants. Of course it is elementary that plaintiff's right to recover must rest upon some wrongful or negligent act by either or both of the defendants and that *had the ice been merely a natural formation no legal liability would have accrued. Griswold v. Camp* (1912), 149 Wis. 399, 401, 135 N. W. 754; *Adlington v. Viroqua* (1914), 155 Wis. 472, 475–478, 144 N. W. 1130; note (1914), 51 L. R. A. (N. S.) 309." (Italics supplied.)

In *Plasa v. Logan* (1952), 261 Wis. 640, 53 N. W. (2d) 720, the record indicates that the plaintiff was injured when she slipped while walking on ice accumulated on a public sidewalk in front of the defendant's hospital premises. The complaint alleged that melting snow had been artificially caught and collected in drains and gutters on the roof of the building and discharged through drainpipes directly on the surface of the ground at the rear of the premises, and thence along the driveway onto the sidewalk, causing slipperiness. The defendant demurred to the complaint. The demurrer was sustained. On appeal the order sustaining the demurrer was affirmed, the court citing with approval, *Sherman v. La Crosse, supra.*

In the case of *Steele v. Chippewa Falls* (1935), 217 Wis. 1, 258 N. W. 181, it appears that the pedestrian slipped on an icy sloping sidewalk, the surface of which was uneven due

to indentations made in the soft snow by travelers, which froze. The court observed that (p. 4):

"There is no evidence in the case from which an inference could be drawn that the plaintiff stubbed her toe, caught her heel, or fell for any other reason than that she slipped upon a glary uneven surface caused wholly by natural conditions. Under these facts the case is ruled by *Hyer v. Janesville,* 101 Wis. 371, 77 N. W. 729; *Dapper v. Milwaukee,* 107 Wis. 88, 82 N. W. 725; *Koepke v. Milwaukee,* 112 Wis. 475, 88 N. W. 238."

A consideration of these authorities demonstrates beyond a doubt that a person who slips and falls and sustains injuries on an uneven, rough, slippery condition of ice and snow resulting from natural causes upon the sidewalk of an adjacent property owner, is, under the law of this state, precluded from successfully establishing a claim of negligence against such property owner because of the existing condition.

Plaintiffs argue, however, that the action of Rudolph Patake in clearing the path and creating slippery steep slopes on the side thereof, and in failing to place any abrasive material thereon constituted negligence.

In *Mahoney v. Perreault* (1931), 275 Mass. 251, 175 N. E. 467, it appears that there had been a heavy fall of snow on Saturday. On the following Monday, Tuesday, and Wednesday the defendant's sidewalk had been shoveled. The plaintiff contended that the defendant had been negligent in shoveling the snow from the sidewalk on a grassplot adjacent thereto. The court directed a verdict for the defendant. In its opinion, the court in part said (p. 253):

"If we assume that it could be found that the water which ran over the sidewalk came from snow which had been shoveled upon the grassplot by the defendant and had melted, it cannot reasonably be found that he thereby created a nuisance, or artificially brought about a condition which increased or changed the flow of water at the place where the

plaintiff fell. The defendant violated no duty he owed the plaintiff by clearing snow from the sidewalk in front of his premises. He acted within his rights in shoveling it upon the grassplot. There is no evidence to warrant a finding that he was negligent because the snow melted and ran over the walk. . . . A landowner cannot be held liable if he shovels snow from the sidewalk in front of his premises upon the space between the outer edge of the walk and the curb and it melts and runs over the walk and thereafter ice is formed.

"This court has repeatedly held that the owner of premises abutting upon a public way has no duty to keep the way clear from snow, ice, or water which is upon it from natural causes, or to guard against accident by placing sawdust or other substances upon the sidewalk."

In *Hecht Co. v. Hohensee* (D. C. 1936), 83 Fed. (2d) 585, the United States court of appeals for the District of Columbia denied the plaintiff's claim for damages and said in part (p. 587):

"Defendant was not bound to remove this snow, and, had it not done so, the thawing and freezing weather and the use of the walk by the public would likewise have made the walk 'icy and very rough.' In other words, whether the snow was removed or not, the walk would have been 'icy and very rough,' and, since the defendant would not have been liable had it permitted the snow to remain, it is no more liable under the circumstances of this case by undertaking to clear a portion of the walk."

In *Arning v. Druding* (1921), 96 N. J. L. 47, 114 Atl. 158, the defendant cleared a stonewalk and placed the snow next to the curb and also next to the hedge on the other side of the walk. The snow melted in the daytime and froze at night. In its opinion the court said (p. 48):

. "The single question is whether the removal of the snow from the flagging and placing it on each side was such an artificial accumulation and storage of snow in such a position and under such circumstances as would from natural causes render the adjoining sidewalk dangerous. We do not

think so. . . . The acts of the defendant did not cause any more snow to be accumulated on the sidewalk than had fallen thereon from natural sources, . . ."

Under the circumstances as detailed in the complaint, the defendants could not properly be charged with negligence in permitting the natural accumulation of ice and snow on the sidewalk, it being the city's obligation to clear the walk. It is considered also that the "rough, uneven, and slippery" condition of the ice and snow accumulated on the walk, was not an artificial accumulation. The complaint does not spell out a cause of action in negligence.

The other question presented upon this appeal is whether the facts alleged in the complaint, together with inferences which can fairly be drawn from such facts, spell out a cause of action for the recovery of damages for nuisance.

A nuisance may exist with or without negligence. As a general rule negligence is not involved in nuisance actions or proceedings and is not essential thereto. 66 C. J. S., Nuisances, p. 751, sec. 11. Referring to the subject of "Nuisance" the author in Prosser, Torts (1941), secs. 71 to 75, declares: ". . . it may be said bluntly that there is no liability unless the invasion of the plaintiff's interests is intentional, or negligent, or the defendant is engaged in an ultra-hazardous activity." See also Restatement, 4 Torts, ch. 40, p. 214.

Any act or obstruction which unnecessarily incommodes or impedes the lawful use of a highway by the public is a nuisance. *State v. Carpenter* (1887), 68 Wis. 165, 173, 31 N. W. 730.

An artificial accumulation of ice and snow on a sidewalk may result in a nuisance. *Smith v. Congregation of St. Rose* (1953), 265 Wis. 393, 61 N. W. (2d) 896. It is to be observed also that a natural accumulation of snow and ice may constitute an actionable defect or obstruction on a public sidewalk. *Trobaugh v. Milwaukee* (1953), 265 Wis. 475, 61 N. W. (2d) 866.

It is not inconceivable that if snow were to be piled up on a part of a sidewalk in such an accumulated mass as eventually to interfere with travel thereon, or by means of the operation of natural causes would create a danger by its melting and freezing, a cause of action in nuisance may exist. It has been pointed out that a municipality may be liable where ice or snow had formed in drifts or ridges, in a rough or uneven condition, so as to constitute an obstruction. 19 McQuillin, Mun. Corp. (3d ed.), p. 319, sec. 54.84. The same authority, at page 321, declares that:

". . . no precise limit can be established to determine what height and extent an icy ridge must reach in order to be actionable as a defect; but there is some merit in the suggestion that, under this rule, the ice, in order to constitute a defect must, while adhering to the walk, assume a form which would be a structural defect if the walk were itself so constructed."

However, there could not possibly be a valid determination of liability for nuisance in a situation as here unless there was a charge and showing that the condition had been maintained over an unreasonable period of time. 39 Am. Jur., Nuisances, p. 303, sec. 22. As was said in *Smith v. Congregation of St. Rose, supra* (p. 401) :

"We interpret these allegations to mean that the situation of the water being channeled onto the public sidewalk as a result of the defective or clogged condition of the downspout existed long enough so that defendant knew, or should have known, of such condition a sufficient length of time prior to the accident to have remedied it. *Unless such condition did so exist for such length of time there would be no liability.*" (Italics supplied.)

The complaint in the case at bar fails to allege any definite date as to when the path or trench was made by Rudolph Patake. True, the complaint alleges the existence of a heavy

accumulation of ice or snow on the walk for a period of three or four weeks before January 1, 1951, but with reference to the making of the path and the development of the slippery slopes along the edges, the complaint merely avers that such condition occurred sometime before January 1, 1951. It is not difficult to visualize that the path and icy slopes may have existed only for a brief period of time before the injury, and that the defendants had no knowledge of the ice on the slopes previous to the slipping and falling by Mrs. Walley. While it is considered that a complaint is to be liberally construed, nevertheless the pleading here falls short of stating a cause of action because of the absence of averment indicating the existence of the condition resulting in an alleged nuisance for a sufficient length of time so that the defendants knew or ought to have known of it, and could within a reasonable period have remedied it.

For reasons asserted herein, we are constrained to hold that the court's decision in sustaining the demurrer to the complaint, and in affording opportunity to file an amended complaint, was correct.

*By the Court.*—Order affirmed.