Kunz, by Guardian *ad litem,* and another, Respondents, v. City of Wauwatosa, Defendant: Beyer, Defendant and Appellant.

*March 2—April 7, 1959.*

For the appellant there was a brief and oral argument by *D. J. Regan* of Milwaukee.

For the respondents there was a brief by *John J. Gehringer* and *James W. Lane,* both of Milwaukee, and oral argument by *Mr. Gehringer.*

For the defendant city of Wauwatosa there was a brief by *Milton F. Burmaster,* city attorney, attorney, and *Herbert L. Mount* of Milwaukee of counsel, and oral argument by *Mr. Mount.*

FAIRCHILD, J. The evidence shows that soil was probably washing off Beyer's steep lawn embankment at a greater rate than if the lawn had been better kept. It also appears that the accumulation of mud on the sidewalk was north of the raised block. The sidewalk sloped downward toward the south and, had the raised block not been an obstruction, there presumably would have been no accumulation of mud. The evidence shows that the raised block had been observed in late 1955, but the only testimony as to the presence of mud before the accident gave no indication of when it had been observed. The jury evidently considered that the city's repairs were reasonably adequate so far as the difference in level was concerned.

Abutting owners and users of the sidewalk have been held liable for obstructions or dangerous conditions on the sidewalk resulting from negligence. *Adlington v. Viroqua* (1914), 155 Wis. 472, 144 N. W. 1130 (discharging accumulated water which froze on sidewalk); *Smith v. Clayton Construction Co.* (1926), 189 Wis. 91, 206 N. W. 67 (stretching hose across sidewalk); *Johnson v. Prange-Geussenhainer Co.* (1942), 240 Wis. 363, 2 N. W. (2d) 723 (water from a defective drainpipe flowing onto sidewalk and freezing); *Heims v. Hanke* (1958), 5 Wis. (2d) 465, 93 N. W. (2d) 455 (water being spilled on sidewalk and freezing). Owners who obstruct or interfere with a road or sidewalk in such a way as to create a defective and dangerous condition have been held liable for maintaining a nuisance.

*Holl v. Merrill* (1947), 251 Wis. 203, 28 N. W. (2d) 363 (excavation under and next to walk and negligent replacement of earth causing sidewalk to sink) ; *Smith v. Congregation of St. Rose* (1953), 265 Wis. 393, 61 N. W. (2d) 896 (ice on sidewalk resulting from overflow of defective eaves troughs). In order to substantiate a claim of nuisance it must be shown that the dangerous condition existed long enough so that by the exercise of ordinary care the defendant should have discovered the danger and removed it before the accident. *Brown v. Milwaukee Terminal R. Co.* (1929), 199 Wis. 575, 590, 224 N. W. 748, 227 N. W. 385; *Smith v. Congregation of St. Rose, supra;* and *Walley v. Patake* (1956), 271 Wis. 530, 542, 74 N. W. (2d) 130.

In order to sustain any judgment for plaintiff in the case before us, we would need to reach an affirmative answer to one of two questions : (1) Has it been shown that Beyer's failure to maintain a better terrace was a failure to exercise ordinary care? (2) If not negligent, was he nevertheless liable for nuisance because the accumulation of mud constituted a dangerous condition?

(1) *Negligence.* The condition of the terrace was described as "very substandard" with grass that was rather sparse and probably in a poorer condition than others in the vicinity. As to the quantity of soil carried from the terrace, there were no obvious marks of erosion, and presumably, there was not enough to accumulate on the sidewalk if the one raised block had not held it back. The soil was carried onto the sidewalk by the ordinary drainage of surface water, and the case is somewhat different from those cited where water was artificially collected and negligently permitted to flow upon the sidewalk. Assuming that an owner could be held liable for negligence in failing to prevent erosion and thus permitting a dangerous condition to develop on the sidewalk or highway, we conclude that the evidence here as to the condition of the terrace and the quantity of

mud carried from it by drainage is insufficient to sustain a finding of negligence.

(2) *Nuisance.* If there were to be any liability imposed on the owner in this case, it would have to be upon the theory that although he was not negligent in maintaining his terrace, the drainage from his property created a dangerous condition which he was obliged to remove after he knew or ought in the reasonable exercise of care to have known of the existence of the danger. Although plaintiffs were satisfied upon the trial to have no separate question submitted as to the existence of a nuisance, we have examined the record for evidence which might sustain a finding. Assuming that the mud which had accumulated by the time of the accident could properly be considered to create a dangerous condition, there was no proof in this record as to when the mud began to accumulate or how long before the accident it had accumulated to an extent that the owner should have observed the danger and corrected it. We conclude that the evidence would not have sustained a finding of nuisance if that question had been submitted.

*By the Court.*—Judgment reversed in so far as it awards recovery from defendant Beyer; cause remanded with directions to dismiss the complaint.