SMITH, Respondent, vs. THE CITY OF EAU CLAIRE, Appellant.

*October 29 — November 15, 1892.*

*Municipal corporations: Appeal from common council: Change of claim.*

A city charter provided that no suit should be brought against the city, but the claimant should file his claim for the action of the common council thereon, from which he might appeal. *Held,* that where a claim was filed for damages resulting from the legally conducted grading of a street under a valid ordinance, the claimant could not, on appeal, recover damages for an illegal and unauthorized grading under an invalid ordinance.

APPEAL from the Circuit Court for *Eau Claire* County.

On the 19th day of June, 1889, plaintiff filed his claim with the city clerk of the defendant city, in which he set forth at length his ownership of certain lots upon a street in said city; and that said street was in the year 1884 actually graded and raised in accordance with the grade thereof theretofore duly established by the council, and that his said lots had been improved and built upon with reference to such grade; that an ordinance was passed by said common council, March 6, 1889, approved by the mayor of said city, March 7, 1889, and published in the official paper, April 9, 1889, which changed and raised the grade of said street in front of his lots twenty to twenty-five inches, and that thereafter, and prior to June 15, 1889, the city by its

officers actually filled and raised said street to the height fixed by said last-named ordinance, whereby plaintiff's property was damaged in the sum of $2,000, satisfaction for which injury he claimed of the city. The city took no action upon the claim within sixty days after the filing thereof, and plaintiff appealed to the circuit court of Eau Claire county, and there filed a complaint setting forth substantially the facts stated in the claim aforesaid, and further alleging the filing of said claim, the nonaction of the council thereon, and the perfecting of his appeal. To this complaint a general demurrer was filed, which was overruled, and appeal was taken to this court, upon which appeal the order of the circuit court was reversed, and that court was directed to sustain the demurrer. *Smith v. Eau Claire*, 78 Wis. 457.

Upon the return of the case to the circuit court the plaintiff was permitted to file an amended complaint, in which the plaintiff's ownership of said lots and the grading of the street in 1884 was alleged substantially as in the former complaint, and it was further charged that the change of grade and raising of the street in front of plaintiff's premises in 1889 was illegally done, on account of irregularities in the passage of the ordinance and in the letting of the contract and ordering of the work. The filing of his claim, the nonaction of the council, and his appeal are also alleged. The city answered, denying the filing of plaintiff's claim, and alleging affirmatively that the plaintiff did not file any claim for the cause of action or injury set forth in the complaint within six months after his alleged cause of action accrued. The answer also alleged the legality of the ordinance and grading of 1889. Upon the trial the plaintiff introduced the claim hereinbefore described, to prove that his claim had been presented to the common council. At the close of plaintiff's case the defendant's counsel moved for dismissal of the action for the reason

that the claim filed and the cause of action set up in the complaint are for different causes of action, and that he had filed no claim for the cause of action stated in the complaint. The motion was denied, and exception taken.

A special verdict was rendered, in which, among other things, it was found that the raising of the street was done illegally in the manner charged in the complaint, and that plaintiff had been damaged to the amount of $400, for which judgment for plaintiff was rendered, from which judgment the city appeals.

*L. A. Doolittle*, for the appellant.

For the respondent there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*.

Winslow, J. The claim filed by the plaintiff with the city clerk was for damages resulting to his property from a lawful change of grade of the street in front of the same. This is the effect of the decision upon the former appeal in this case (78 Wis. 457), where the original complaint, which, in its material averments, was substantially a copy of the claim, was under consideration. This court then said, " The complaint shows a proper execution of a valid ordinance." Upon this premise it was held that the provision of the former charter of *Eau Claire* (ch. 16, P. & L. Laws of 1872) which gave the property owner a right to claim damages of the city upon the making of a change of grade was repealed by ch. 184, Laws of 1889, before the ordinance of which plaintiff complains went into effect, and consequently that plaintiff had no cause of action.

The question now raised is entirely different. It is, Can the plaintiff present his claim to the council claiming damages resulting from the legally conducted grading of a street under a valid ordinance, and upon appeal change his ground, and claim and recover damages for an illegal and unauthorized grading under an invalid ordinance? To ex-

press it more briefly: Can he file his claim to enforce a statutory obligation resulting from legal acts, and recover damages resulting from tortious acts? Can he claim substantially *ex contractu* and recover *ex delicto?*

We think this question must be answered in the negative.

The provision of the charter of the city (sec. 22, subch. 7, ch. 184, Laws of 1889) is as follows: "No suit of any kind, or any claim or cause of action, either *ex contractu* or *ex delicto*, shall be brought against said city, but the claimant shall file *his claim* with the city clerk for the action of the common council thereon; and, if he feels aggrieved by their determination, he may appeal," etc. Manifestly he cannot present a claim for one cause of action, and, when that is rejected, appeal to the circuit court, and file a complaint, and recover upon an entirely different cause of action. He cannot file his claim upon a contract debt, and recover for personal injuries received because of a defective highway.

While it is not necessary that the claim filed with the clerk should have all the essentials of a formal pleading, it should certainly intelligibly present the facts on which liability is claimed, for it is the evident purpose of the law that the council should have an opportunity to act upon these facts in the first instance before the contention goes to any court. They have had no such opportunity here. The claim presented to them stated no facts which raised any liability. Had it stated the facts as to the illegality of the work upon which alone the recovery is based, it may well be that the council would have allowed a reasonable amount to the plaintiff, and ended the controversy without appeal.

The simple fact is that the claim on which plaintiff recovered was never filed, and, without such filing, the plaintiff has no standing in court. The defendant's motion to

Baltzer vs. The Chicago, Madison & Northern R. Co.

dismiss at the close of plaintiff's case should have been granted.

*By the Court.*— Judgment reversed, and the cause remanded for a new trial.