Barron vs. Chicago, St. Paul, Minneapolis & Omaha R. Co.

BARRON, Appellant, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Respondent.

*November 15 — December 11, 1894.*

*Railroads: Crossing above highway: Improper construction of bridge: Proximate cause of injury: Signals and rate of speed: Pleading*

1. Under sec. 1837, R. S. (providing that whenever it shall be necessary to construct a railroad bridge over any street it shall be sufficient to construct the same so as to give a clear passageway of twenty feet or two passageways of fourteen feet each), where a frightened horse, in attempting to pass through a passageway more than fourteen feet wide, brought the buggy into contact with the side thereof, it cannot be claimed that the fact that the adjoining passageway was slightly less than fourteen feet in width was the cause of the injury.

2. Where, in an action against a railroad company for personal injuries sustained at a highway crossing, it was claimed that the omission to give any signal of an approaching engine was one of the causes of the injury, no liability can be based on the fact that the whistle was sounded, even if plaintiff's horse was frightened thereby.

3. In any case the sounding of the whistle is not a basis of liability unless it was negligently or recklessly sounded.

4. The statutory requirements as to rate of speed and signals at highway crossings apply only to grade crossings. *Jenson v. C., St. P., M. & O. R. Co.* 86 Wis. 589, adhered to.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

Personal injuries. The defendant's railroad crosses Cameron street, in the city of Eau Claire, nearly at right angles, upon a bridge or trestle supported by three pile bents. The openings left for street purposes are about twelve feet in height, and are twelve feet, thirteen feet nine inches, and fourteen feet five inches in width, respectively. Another bridge of a similar kind crosses Cameron street about ninety feet west of the first-named bridge, and a spur track crosses the street on the second bridge. This spur track branches

Barron vs. Chicago, St. Paul, Minneapolis & Omaha R. Co.

off from the main track about 300 feet north of Cameron street, where there was a switch. This bridge is called the "west bridge" by the witnesses, and is so denominated in the special verdict.

The plaintiff is a woman about sixty-five years of age. On the 7th day of July, 1892, she was driving east on Cameron street in a single carriage drawn by one horse, and was approaching the bridge, intending to pass under it. She testifies that she stopped at a point about 200 feet west of the bridge, and listened for a train, but heard none. At this point the view of the railroad track north of the bridge, for a long distance, is obstructed by buildings and trees, and continues to be obstructed for some distance as one approaches the bridge. The plaintiff claimed that this obstruction extends to the west bridge, but this was disputed. Just after passing under the west bridge, she saw an engine rapidly approaching from the north, and about 150 feet distant. There was testimony tending to show that no bell was ringing as the engine approached. There was also testimony that the whistle was blown just as the plaintiff first saw the engine. The horse became frightened and out of control, and ran forward, and brought the buggy in contact with the south bent of the bridge, throwing the plaintiff out and injuring her. The plaintiff claimed to recover on the ground of negligence of the defendant in three particulars, viz.: (1) in that the openings under the trestle were too narrow and dangerous; (2) in that the engine was run at an excessive rate of speed; (3) in that no signal was given of the approach of the engine.

The jury returned a special verdict to the following effect: (1) That the engine bell was ringing prior to reaching the switch (about three hundred feet north of the bridge), but not afterwards; (2) that the whistle was blown three times before reaching Cameron street, the last time being between the trestle and Cameron street (the trestle referred to is

about 150 feet north of the street); (3) that the speed of the engine was fifteen miles an hour before reaching the switch, and twelve miles an hour as it approached and passed over the bridge; (4) that the buggy was upset by coming in contact with the piles on the south side of the south opening of the bridge; (5) that such contact was directly caused by *the sounding of the whistle and the failure to ring the bell;* (6) that the plaintiff stopped and listened about 150 feet west of the west bridge; (7) that if she had stopped and listened prior to reaching the west bridge she could have heard the approach of the engine; (8) that if she had stopped within forty feet of the west bridge she could have heard the engine, but could not have seen it; (9) that she was not guilty of any want of ordinary care; (10) that the accident was not due to lack of skill in handling the horse; (11) that if she had been looking and listening for the approach of an engine she could have heard it prior to reaching the west bridge; (12) that her damages were $3,257. Upon this verdict judgment was rendered for the defendant, and plaintiff appeals.

*J. W. Singleton,* attorney, and *T. F. Frawley,* of counsel, for the appellant, contended, *inter alia,* that the railroad company owes a duty of giving signals to others than those who may be injured by collision on a grade crossing, and that where a failure to give such signals is the proximate cause of an injury to a person not himself in default the railroad company is liable. 1 Thomp. Neg. 352; *Strong v. Placerville R. Co.* 8 Am. & Eng. R. Cas. 273; *Cahill v. C., N. O. & T. P. R. Co.* 49 id. 390; *Central R. Co. v. Raiford,* 37 id. 481; *Sanborn v. D., B. C. & A. R. Co.* 50 id. 114; *Grand Trunk R. Co. v. Rosenberger,* 9 Canada Sup. Ct. 311; *People v. N. Y. C. R. Co.* 25 Barb. 199; *S. C.* 13 N. Y. 78; *Georgia R. & B. Co. v. Wynn,* 42 Ga. 331; *Gates v. B., C. R. & M. R. Co.* 39 Iowa, 45; *Hart v. C., R. I. & P. R. Co.* 56 id. 166; *Rupard v. C. & O. R. Co.* 88 Ky. 280; *Hill v.*

*P. & R. R. Co.* 55 Me. 438; *Norton v. Eastern R. Co.* 113 Mass. 366; *Prescott v. Eastern R. Co.* id. 370; *Pollock v. Eastern R. Co.* 124 id. 158; *Chicago & N. W. R. Co. v. Miller*, 46 Mich. 532; *Klanowski v. G. T. R. Co.* 57 id. 525; *Terre Haute & I. R. Co. v. Brunker*, 128 Ind. 542; *Lonergren v. I. C. R. Co.* 49 N. W. Rep. 852; *Voak v. N. C. R. Co.* 75 N. Y. 320; *Cosgrove v. N. Y. C. & H. R. R. Co.* 87 id. 88; *T. & P. R. Co. v. Chapman*, 57 Tex. 75; *Ransom v. C., St. P., M. & O. R. Co.* 62 Wis. 178.

For the respondent there was a brief signed by *S. L. Perrin* and *H. H. Hayden*, and a separate brief and oral argument by *Mr. Hayden*.

WINSLOW, J. The claim that the accident to the plaintiff was in any respect the result of the manner of construction of the bridge across the street was properly eliminated from the case by the circuit judge. The statute provides (R. S. sec. 1837) that, whenever it shall be necessary to construct a bridge over any street, it shall be sufficient to construct the same so as to give a clear passageway of twenty feet, or two passageways of fourteen feet each. Under the bridge in question were three passageways,— one of twelve feet, one of thirteen feet nine inches, and one of fourteen feet five inches in width. Conceding that there might be actionable negligence claimed, had the plaintiff been injured in attempting to pass through either of the passageways which were less than fourteen feet in width, it is very clear that, when it appeared that the accident occurred in the passageway which was more than fourteen feet wide, it could not be claimed that the fact that the adjoining passageway was three inches less than fourteen feet in width was, in any legal sense, a direct or efficient cause of the injury.

The other grounds of negligence claimed were the excessive speed of the engine and the failure to give any signal

before reaching the bridge. The jury negatived the contention that no signal was given, and found affirmatively that the whistle was sounded three times before reaching the bridge,— the last time being within 150 feet of the bridge,— and they further found that the accident was caused by the sounding of the whistle and the failure to ring the bell. Certainly, this seems like a very anomalous finding, and it places the plaintiff in a very singular, not to say ridiculous, position. She brought her action, claiming that no signal was given and that this omission was one of the efficient causes of her injury; and the jury find that a signal was given, and that it was the cause, or one of the causes, of the injury. It is now seriously argued in this court, on behalf of the plaintiff, that a liability is established by this finding. In other words, the plaintiff's position is that the defendant is liable if the whistle did not sound, because it did not sound, and it is equally liable if the whistle did sound, because it did sound. It is sufficient to say that no liability can be based on the fact of the sounding of the whistle, even if the horse was frightened thereby, because no such issue or claim was made or tried, and further because it was not proven or found that the whistle was negligently or recklessly sounded, and in the absence of this fact it is not a basis of liability.

There remain but two claims of negligence, namely, that the bell was not rung after passing the switch, and that the speed was excessive. This court held in *Jenson v. C., St. P., M. & O. R. Co.* 86 Wis. 589, substantially, that the statutory requirements as to speed and signals applied only to grade crossings, and not to bridge crossings. We are strongly urged, in this case, to reverse this ruling. We are aware that contrary views are held by some courts, but we shall not review the authorities. That decision was reached after full argument and due deliberation, and the reasons for it are given in the opinion in that case, and we do not feel that

it should be reversed. Applying that rule to this case, it will be readily seen that the defendant was entitled to judgment upon the facts proven, and it will also be seen that the errors claimed in the admission of testimony and other rulings of the court are immaterial.

*By the Court.*— Judgment affirmed.