Selleck vs. Tallman and another.

---

SELLECK, Respondent, vs. TALLMAN and another, imp., Appellants.

*April 16 — May 1, 1896.*

*Municipal corporations: Injuries from defective sidewalk: Liability of lot owners: Charter construed.*

Under the city charter of Janesville (ch. 221, Laws of 1882, and ch. 102, Laws of 1889) — making it the duty of the lot owner to construct the sidewalk in front of his property as determined by the city, and to keep the same in repair; authorizing the city, in case he fails to do so, to perform the work at his expense and to charge such expense as a tax against the property; and providing that "whenever any injury shall happen by reason of any defect in any . . . sidewalk . . . from any cause for which the city would be liable, and such defect shall arise from, or be produced by, the wrong, default or negligence of any person . . . other than such city, such person . . . so guilty . . . shall be primarily liable for all damages for such injury," — a lot owner is not liable to a passer-by for an injury caused by mere failure to keep the sidewalk in proper repair.

APPEAL from an order of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Reversed.*

Action to recover for personal injuries alleged to have been received by plaintiff by reason of a defective sidewalk in the defendant city. The facts are sufficiently stated in the opinion.

For the appellants there were briefs by *Ruger & Norcross,* and oral argument by *Wm. Ruger.*

For the respondent there was a brief by *Fethers, Jeffris & Fifield,* and oral argument by *M. G. Jeffris.*

For the city of Janesville a brief was submitted by *H. McElroy.*

MARSHALL, J.    *W. H.* and *E. D. Tallman* were joined as defendants because they were the owners of the lot in front of which the alleged defect existed.    By the charter of the

defendant city, it has power to establish sidewalks and determine their width and character and the manner and method of construction. It is made the duty of each lot owner to construct such walk in front of his property in accordance with such determination, and to keep the same in repair; and on failure so to do, after due notice as provided in the charter, the municipality is authorized to perform the work at such lot owner's expense, and, on his failure·to pay such expense within the prescribed period, the city is authorized to charge the same as a tax against the property. The charter also provides that "whenever any injury shall happen by reason of any defect in any . . . sidewalk . . . from any cause for which the city would be liable, and such defect shall arise from, or be produced by, the wrong, default or negligence of any person . . . other than such city, such person . . . so guilty . . . shall be primarily liable for all damages for such injury."

The complaint contained appropriate allegations to constitute a cause of action against defendants *W. H.* and *E. D. Tallman*, if, under the charter of the city, a lot owner who violates the provisions of such charter in respect to keeping the sidewalk in front of his lot in a proper state of repair is liable to a person for an injury received by such person, while passing over such walk, by reason of its unsafe condition for the public use. Such defendants demurred to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action against them. The demurrer was overruled, and an appeal taken to this court.

The question of whether the complaint states a cause of action against appellants must be decided in their favor; following *Toutloff v. Green Bay,* 91 Wis. 490, where there is a very full discussion of the subject in the opinion of the court by Mr. Justice Winslow. The charter provisions there considered and construed are the same, in all essential particulars, as those relied upon by respondent here. This court held,

Selleck vs. Tallman and another.

after careful consideration of the matter, in effect: (1) That cases where travelers are injured through active negligence of lot owners or others in obstructing sidewalks or making excavations therein should be distinguished from cases of failure to repair; that it is to the former class of cases, not the latter, that the charter provision applies, to the effect that when an injury is caused to a person by reason of a defective sidewalk, from any cause for which the city would be liable, and the cause of the injury arises from, or is produced by, the wrong, default, or negligence of any person other than such city, such person shall be primarily liable to the injured party. (2) That charter provisions of the character of those under consideration do not impose an absolute liability on the lot owner to keep the sidewalk in front of his property in a proper state of repair for the public use, but merely require him to do so or to pay the expenses incurred by the city in respect to it; that the duty of the lot owner is to the corporation, not to the traveler; that the duty to the traveler is one owing by such corporation, and the obligation of the lot owner to repair the sidewalk or pay the expense of it is merely one imposed by such corporation as a means of carrying out its public duty. Therefore the rule that, where the law imposes a specific burden upon one person for the benefit of another, an action lies in favor of the latter against the former in case such other is damaged through neglect on the part of such person in respect to the performance of such duty, does not apply.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with directions to sustain the demurrer to the complaint.