GRISWOLD, Appellant, vs. CAMP, Respondent.

*April 5—April 23, 1912.*

*Municipal corporations: Injury caused by icy sidewalk: Duty of city and of lotowner: Ordinance requiring walks to be sanded, etc.: Failure to obey: Negligence: Liability.*

1. The duty of a city as to keeping its sidewalks reasonably safe for public travel does not, generally speaking, require it to obviate danger from mere slipperiness produced by natural causes.

2. At common law the owner or occupant of a lot owes no duty

to protect travelers from danger of being injured by the slippery condition of the sidewalk.

3. A city ordinance requiring, under penalty, the owners or occupants of lots to keep icy sidewalks in front thereof sprinkled with ashes, sawdust, or sand, was not intended to require such persons to aid the city in the performance of a duty resting upon it, and does not, in case of the failure of such an owner or occupant to comply therewith, render him liable, on the ground of negligence, to a person injured by reason of the slippery condition of the walk. *Smith v. Milwaukee B. & T. Exch.* 91 Wis. 360, distinguished.

4. Whether failure to obey a statute designed to conserve human safety is negligence *per se* depends upon the presumed legislative intent.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action for a personal injury. January 25, 1910, plaintiff, while walking on a sidewalk in front of premises occupied by defendant in the city of Milwaukee, stepped, by reason of the walk being covered with ice and there being no sand, ashes, or other material thereon, slipped, and was injured. There then existed in the city of Milwaukee a duly adopted ordinance requiring every person circumstanced as defendant was to keep the walk in front of his premises sprinkled with ashes, sawdust, or sand, under penalty of not less than $1 nor more than $5 and $5 per day for the time the failure to obey the ordinance should continue. Defendant so failed and on that account plaintiff claimed he was liable to her for her injury. The court dismissed the case upon the ground that the ordinance did not impose any such liability on defendant.

For the appellant there was a brief by *Rossiter Lines,* attorney, and *Lawrence A. Olwell,* of counsel, and oral argument by *Mr. Lines.* They cited, among other cases, *Smith v. Milwaukee B. & T. Exch.* 91 Wis. 360, 64 N. W. 1041; *Mueller v. Milwaukee St. R. Co.* 86 Wis. 340, 56 N. W. 914; *McCall v. Chamberlain,* 13 Wis. 637.

For the respondent the cause was submitted on the brief of *F. A. Geiger.*

MARSHALL, J. The duty of a municipality as regards keeping its sidewalks reasonably safe for public travel, does not, generally speaking, include obviating danger to travelers using such walks from mere slipperiness produced by natural causes. *Cook v. Milwaukee,* 24 Wis. 270; *Salzer v. Milwaukee,* 97 Wis. 471, 73 N. W. 20. So the purpose of the ordinance in question was not to require the owners or occupants of lots to aid the city in the performance of its duty. There was no common-law duty of a person circumstanced as respondent was to protect travelers from danger of being injured by such slippery condition. That is too clear for argument. Where then is there any legitimate basis for the claim of liability?

Appellant seems to think the case turns on the validity of the ordinance and so seeks to demonstrate that it is reasonable, and, therefore, valid. It may well be conceded that the ordinance is valid; but it does not, in terms, attempt to create such a liability as is sought to be enforced, even if such liability could be so created. Does a mere police regulation of the nature under consideration,—one requiring the occupant of a lot to do something the city is not liable to do in order to render its sidewalks reasonably safe, and imposing on him a penalty in favor of the city for failure to comply therewith,— manifest, clearly, a purpose to render a person guilty of such failure also liable on the ground of negligence, as claimed in this case? If any such liability be discoverable, it must be found in the intent and spirit rather than in literal sense.

That such an ordinance as the one in question, or a charter provision of similar import, does not contemplate any consequence to the wrongdoer but those specifically mentioned therein, is ruled by *Sommers v. Marshfield,* 90 Wis. 59, 62 N. W. 937; *Selleck v. Tallman,* 93 Wis. 246, 67 N. W. 36;

*Hay v. Baraboo,* 127 Wis. 1, 105 N. W. 654; and other cases. Even where the thing required of the lotowner is essential to performance of a municipal duty, the mere creation of a duty, as in this case, and failure to perform, is penalized, it has uniformly been held, as the cited cases show, that a person who has received a personal injury by reason of a condition which would not have existed but for such failure, cannot recover compensation from such owner, because no such purpose can fairly be read out of the ordinance.

In *Sommers v. Marshfield, supra,* the difficulty involved here was a vital matter. It arose under an express charter provision, making it the duty of one, circumstanced as respondent was, "to keep all sidewalks around" his premises "free from snow, ice, rubbish, boxes, barrels, or other obstructions interfering with persons traveling thereon," and imposing a penalty for failure to perform such duty. The court held that such requirement did not create a duty rendering such owner or occupant primarily liable for an injury to a traveler caused by breach of such duty,—that in an action for recovery for such injury such person was not even a proper party.

In the above cited case, this court is in harmony with authorities elsewhere. *Vandyke v. Cincinnati,* 1 Disney, 532, is cited, commonly, by text-writers as giving the correct rule. It was there held that such an ordinance as that in question can be enforced only by the penalty prescribed; that a violation thereof does not subject the guilty party to a civil action at the suit of a private person.

Counsel rely on the doctrine that failure to obey a statute designed to conserve human safety, is negligence *per se.* That is not of universal application. It depends upon the presumed legislative intent. In all cases where the doctrine has been applied there was a manifest purpose to create the liability or make a rule of evidence as to an existing duty. Such was the case in *Smith v. Milwaukee B. & T. Exch.* 91 Wis.

360, 64 N. W. 1041. There the ordinance dealt with a situation, where, by statute, the municipality was in duty bound to keep the sidewalks in a reasonably safe condition for public travel, and persons doing work contemplated on premises adjacent to the street, were in duty bound to conduct their operations with ordinary care for the safety of persons lawfully using the walk. The ordinance required the party responsible for the work on adjacent property to aid the city in performing its duty and to do the particular thing as essential to ordinary care on his part. The ordinance did not create any liability; that existed independently of any legislation. All the ordinance did was to regulate the performance of an existing duty. Courts have not gone so far as to construe any such ordinance as that in question as creating a liability such as the one claimed.

*By the Court.*—The judgment is affirmed.