WORTHINGTON PUMP & MACHINERY CORPORATION, Appel-
lant, vs. CITY OF CUDAHY, Respondent.

*October 17—November 13, 1923.*

*Taxation: Recovery of illegal tax paid: Claim against city as con-
dition precedent to action: Time within which action may
be brought.*

1. Within sec. 62.25, Stats. 1921, declaring that failure of a city
council to pass upon a claim within sixty days after presenta-
tion is a disallowance, and sec. 74.73, providing that one from
whom a city has collected illegal taxes must file his claim
against it in the manner prescribed by law for filing claims
in other cases, and if it shall "fail" or refuse to allow such
claim he may maintain an action against the city, the word
"fail" means neglect or default, requiring opportunity to act;
so that claimant's action, brought before the next meeting of
the city council after the filing of the claim, is premature.
p. 10.

2. Secs. 74.73 and 62.25, Stats. 1921, are *in pari materia* and must
be construed together; and an action to recover an illegal
tax must be begun within a year from the time of the payment
of the tax, and a claim for a refund must have been disallowed
or must have previously been filed with the city for at least
sixty days and not passed upon. p. 10.

APPEAL from a judgment of the circuit court for Mil-
waukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The appeal is from a judgment dismissing the plaintiff's
complaint.

This appeal requires the construction of secs. 74.73 and
62.25 (1) (a), Stats. 1921, which are as follows:

"74.73 *Recovery of illegal taxes; limitation.* (1) Any
person aggrieved by the levy and collection of any unlaw-
ful tax assessed against him may file a claim therefor against
the town, city, or village, whether incorporated under gen-
eral law or special charter, which collected such tax in the
manner prescribed by law for filing claims in other cases,
and if it shall appear that the tax for which such claim was
filed or any part thereof is unlawful and that all conditions
prescribed by law for the recovery of illegal taxes have

been complied with, the proper town board, village board, or common council of any city, whether incorporated under general law or special charter, may allow and the proper town, city, or village treasurer shall pay such person the amount of such claim found to be illegal and excessive. If any town, city, or village shall fail or refuse to allow such claim, the claimant may have and maintain an action against the same for the recovery of all money so unlaw- fully levied and collected of him. Every such claim shall be filed; and every action to recover any money so paid shall be brought within one year after such payment and not thereafter."

"62.25 *Claims and actions.* (1) *Claims.* (a) No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part. Failure of the council to pass upon the claim within sixty days after pre- sentation is a disallowance."

For the appellant there was a brief by *Bottum, Hudnall, Lecher & McNamara,* and oral argument by *Harold W. Connell,* all of Milwaukee.

*Joseph Schoendorf,* city attorney, and *George C. Dutcher* of Milwaukee, of counsel, for the respondent.

CROWNHART, J.  On February 2, 1920, the appellant paid certain taxes to the city of *Cudahy* under protest, and on January 22, 1921, filed a claim with the city clerk for a refund, claiming said taxes so paid were illegal. An action was commenced against the city on January 29, 1921, for the recovery of the taxes so paid, before there had been any meeting of the common council between the day of the filing of the claim and the commencement of the action. The first meeting of the council after the filing of the claim was on February 1, 1921, and the claim was then read and referred to a committee as provided by law. Sub. (8) (a), sec. 62.12, Stats. 1921.

The circuit court held that the action did not lie because it was commenced before the common council had acted

upon the claim and before sixty days had expired from the date of the filing thereof, as provided in sub. (1) (a), sec. 62.25.

The appellant contends that its cause of action is based on sec. 74.73, Stats. 1921, and that that section is exclusive. Such contention is based on the last sentence of the section, which reads: "Every such claim shall be filed; and every action to recover any money so paid shall be brought within one year after such payment and not thereafter."

The appellant construes this sentence to mean that it was only necessary to file its claim and commence its action within the year.

It will be noted by sec. 74.73 that the claimant must file his claim against the city "in the manner prescribed by law for filing claims in other cases," and then "If any . . . city . . . shall fail or refuse to allow such claim, the claimant may have and maintain an action against the same for the recovery . . ."

The city neither failed nor refused to allow the claim prior to the commencement of the action. "Fail," as used in the statute, means neglect or default. Before the city could fail to allow the claim it must have had the opportunity to do so. Although it was alleged in the complaint that the city "failed and refused" to allow plaintiff's claim, there was no pretense on the trial that the city refused to act or that it had the opportunity to act before the action was commenced. Thus, on plaintiff's own contention that sec. 74.73 is exclusive, it is clear that plaintiff did not bring itself within the statute.

The court is also of the opinion that sec. 74.73 is not exclusive but is *in pari materia* with sec. 62.25, and the two sections must be construed together. It was so held prior to the amendment of 1913, ch. 478. *Wright v. Merrimack,* 52 Wis. 466, 9 N. W. 390. That amendment did not change the effect of the statute in this regard. As was said in *Smith v. Eau Claire,* 83 Wis. 455, 53 N. W. 744, "it is the

evident purpose of the law that the council should have an opportunity to act upon these facts in the first instance before the contention goes to any court." Clearly this is so with the present statute. What other reason could there be for requiring the claim to be filed? Certainly the filing of the claim was not intended as an idle ceremony. In the absence of sec. 62.25 the city council would have a reasonable time to act before it honestly could be alleged that it failed or refused to act. But sec. 62.25 fixes that reasonable time as sixty days. The action was prematurely begun, and the judgment of the circuit court is right.

*By the Court.*—The judgment of the circuit court is affirmed.