Robert BOSIN, a minor, and Sandra Bosin Hafenbraedl, a minor, by Harold Bosin, their guardian, Violet Bosin and Harold Bosin, Plaintiffs

v.

MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILROAD COMPANY, Defendant and Third-Party Plaintiff,

and CITY OF FOND DU LAC, Third-Party Defendant.

No. 59–C–155.

United States District Court
E. D. Wisconsin.

May 25, 1960.

K. M. McLeod, Joseph D. Donohue and Raymond R. Colwin, Fond du Lac, Wis., for plaintiffs.

Richard S. Gibbs, Milwaukee, Wis., for plaintiffs.

Reginald W. Nelson, Milwaukee, Wis., Edward M. Glennon, Minneapolis, Minn.,

of counsel, for defendant and third-party plaintiff.

Frederick K. Foster, Fond du Lac, Wis., for third-party defendant.

GRUBB, District Judge.

This is a motion by the City of Fond du Lac (hereinafter called the "City") to dismiss a third-party complaint for contribution brought against it by the Minneapolis, St. Paul & Sault Ste. Marie Railroad Company (hereinafter called the "Railroad") in an action arising out of a railroad crossing accident.

The Railroad asserts that the view of the crossing signal and of the locomotive involved was obstructed by the low branches of a tree located on land within the jurisdiction of the City and within 330 feet of the crossing. The Railroad has based its third-party complaint on the City's alleged failure to adequately trim said tree in violation of Section 195.29(6), Wis.Stats., as constituting negligence and the creation and maintenance of a nuisance proximately causal of plaintiffs' injuries.

The City has moved to dismiss the third-party complaint, or in the alternative for summary judgment, on the grounds that no claim has been filed against the City as required by Section 62.25(1) (a), Wis.Stats.,[1] as a condition precedent to bringing an action; that the duty to trim trees imposed by Section 195.29(6)[2] is a governmental function; and that absent a specific statutory provision imposing liability, the City enjoys immunity; and further, that the violation of the tree trimming

---

[1] "62.25 *Claims and actions* (1) Claims. (a) No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part. Failure of the council to pass upon the claim within ninety days after presentation is a disallowance."

[2] "195.29 *Railroad highway crossings* * * * (6) View at crossings; trees and brush near crossings; forfeiture. * * * Every municipality shall keep the public highways within its jurisdiction clear of brush and shall adequately trim all trees within 330 feet of the center of any railroad highway grade crossing. * * * If any person shall violate any provision of this section, or shall fail, neglect or refuse to obey any order made by the commission hereunder, or any judgment or decree made by any court upon such an order, for every such violation, failure or refusal such person shall forfeit not less than $25 nor more than $150."

statute does not constitute a nuisance and that there is no liability based on nuisance on the part of the governor to the governed.

The issues on this motion present a number of novel questions. Does non-compliance with the claim filing requirements of Section 62.25(1) (a) bar or render premature a claim for contribution brought under third-party proceedings in a pending action under Rule 14 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.? May civil liability be imposed on the basis of a violation of the duty imposed by Section 195.25(6)? Does the doctrine of governmental immunity from tort liability bar a claim by plaintiffs against the City and thus defeat the Railroad's right of contribution arising out of common liability of joint tort-feasors? May a tree, which by reason of its location and untrimmed condition obstructs the view upon an intersecting highway, constitute a nuisance actionable as against the City which was under a statutory duty with respect to trimming said tree?

■ Section 62.25(1) (a) applies to a "claim of any kind." The purpose of such a statute is to enable the city council to evaluate the claim and act upon it. See Smith v. City of Eau Claire, 1892, 83 Wis. 455, 53 N.W. 744, and Worthington Pump & Machinery Corp. v. City of Cudahy, 1923, 182 Wis. 8, 195 N.W. 717. Compliance with the statute has been held a condition precedent to commencing an action against a city. Seifert v. School District No. 1 of the City of Cudahy, 1940, 235 Wis. 489, 292 N.W. 286.

■■ Under Wisconsin law there is a substantive right to contribution "founded upon principles of equity and natural justice." Wait v. Pierce, 1926, 191 Wis. 202, 225, 209 N.W. 475, 210 N.W. 822, 48 A.L.R. 276. This right comes into being at the time concurring negligent acts create a cause of action in favor of an injured person. A joint tort-feasor's right to contribution remains inchoate, unascertainable, and contingent until he pays more than his proportionate share of the common liability. Upon such payment the right becomes vested, certain, and ripens into a cause of action. Western Casualty & Surety Co. v. Milwaukee General Construction Co., 1933, 213 Wis. 302, 251 N.W. 491.

Section 260.19(3), Wis.Stats., which is similar to Rule 14(a) of the Federal Rules whereunder the third-party proceedings here were commenced, provides a procedure whereby primary and incidental rights arising out of the same occurrence may be litigated in one action although the incidental right may not have ripened into a cause of action at the commencement of the suit.

■ In view of the purpose of Section 62.25, Wis.Stats., the nature of a claim based on an inchoate right to contribution, and Wisconsin law governing procedure in civil actions, it is the opinion of this court that compliance with the filing requirements of Section 62.25 is not a condition precedent to the interpleader of an alleged joint tort-feasor. No useful purpose could be served by presentment of a claim based on an inchoate, unascertainable, and contingent right for consideration by a city council, particularly where, as here, the injured persons assert no claim against the City and, in fact, oppose its interpleader. The presence of the City as a third-party defendant is necessary in order to get a complete adjudication of the rights of the parties and to avoid two trials. This is the spirit and purpose of Rule 14(a), Federal Rules of Civil Procedure, and of Section 260.19(3), Wis.Stats. In that manner it can be determined whether there is common liability, and if so, the finding as to damages will be binding upon the third-party defendant.

In Ainsworth v. Berg, 1948, 253 Wis. 438, 34 N.W.2d 790, 35 N.W.2d 911, the court held that a claim for contribution was not barred by plaintiff's failure to file timely notice of injury against the interpleaded joint tort-feasor under Sec-

tion 330.19(5), Wis.Stats.1947. The court there noted that plaintiff's failure to comply with that statutory requirement did not affect the right of contribution between joint tort-feasors. It held there was no requirement of giving notice in respect to a claim for contribution. Its decision discarded what had previously been considered a condition precedent to a determination of liability necessary to giving rise to a cause of action for contribution and recognized the special nature of the right to contribution and of the desirability of the orderly and expeditious adjudication of claims which may be based thereon.

■ It may also be noted that, notwithstanding the all-inclusive language of Section 62.25, Wis.Stats., as applying to a "claim of any kind," the courts have excepted from its application actions "for equitable relief (as for abatement of a nuisance by injunction)." Hasslinger v. Village of Hartland, 1940, 234 Wis. 201, 205, 290 N.W. 647, 649.

■ Section 195.29, Wis.Stats., is a safety statute. It imposes certain duties and provides for a forfeiture for violation of its requirements by "any person." There appears to be no uniformly applicable rule of policy under Wisconsin law with respect to the question whether or not violations of safety statutes give rise to civil liability. Instead the court looks to the presumed legislative intent in each instance. Griswold v. Camp, 1912, 149 Wis. 399, 135 N.W. 754. In respect to a violation of a statute governing employment of a minor, it was held that "where a statute imposes a duty upon a class of persons to guard the personal safety of others, a failure to perform such duty constitutes actionable negligence." Sharon v. Winnebago Furniture Mfg. Co., 1910, 141 Wis. 185, 188, 124 N.W. 299, 300. Breaches of the highway defect regulations are actionable against governmental units charged with their observance by virtue of an express statutory provision imposing conditions and limitations upon the right of recovery.

See Section 81.15, Wis.Stats. Violations of the Safe Place Statute are actionable as against named parties, including governmental units, charged with duties under the statute without express statutory authorization and without special conditions and limitations by judicial construction as to the legislature's intent in its enactment. See Section 101.06, Wis.Stats. and Besnys v. Herman Zohrlaut Leather Co., 1914, 157 Wis. 203, 147 N.W. 37. Violations of the snow removal statute are not actionable, but an artificial accumulation of snow and ice may give rise to liability under certain conditions independent of this statute. See Section 62.17(5), Wis.Stats.; Trobaugh v. City of Milwaukee, 1958, 265 Wis. 475, 61 N.W.2d 866; and Walley v. Patake, 1956, 271 Wis. 530, 74 N.W.2d 130. It was conceded that there might be actionable negligence based on a violation of a statute regulating the construction of a railroad bridge. Barron v. Chicago, St. Paul, Minneapolis & Omaha R. Co., 1894, 89 Wis. 79, 61 N.W. 303.

This court is not entirely without guidance as to the effect to be given the regulatory safety statute in question here. Another portion of this section charges a railroad with keeping its right of way clear of brush and trees. In Wilmet v. Chicago & North Western R. Co., 1940, 233 Wis. 335, 289 N.W. 815, the presence of brush and trees on a railroad right of way obstructed the view of a motorist on a highway not intersecting the railroad crossing but did not interfere with his view when traveling on the intersecting highway. The court there indicated that a violation of Section 195.29(6), Wis.Stats., can be assigned as ground of actionable negligence only by a person whose interest the statute was enacted to protect—that is, a traveler upon the intersecting highway. The court there stated at page 345 of 233 Wis., at page 820 of 289 N.W.:

"Violation of a regulatory statute by one upon whom a duty is im-

posed, although the violation may be an act of negligence, does not give rise to a cause of action for an invasion of an interest of another unless the interest invaded is one which the enactment is intended to protect. * * * "

The statute imposes a duty which did not exist at common law. If the proof in this action establishes that plaintiffs were travelers upon the intersecting highway and their view of the crossing was obstructed by untrimmed branches of a tree within the jurisdiction of the City in violation of Section 195.29(6), plaintiffs were persons whose interest the statute was enacted to protect, and they may rely on it as a basis of liability as against the City. See Wilmet v. Chicago & North Western R. Co., supra.

■■ The defense of sovereign immunity is not available to the City here. The statute specifically imposes a duty upon every municipality. Since the statute clearly applied to the City, there is no reason why a different rule should be applied here than that followed in respect to the Safe Place Statute. See Heiden v. City of Milwaukee, 1937, 226 Wis. 92, 275 N.W. 922, 114 A.L.R. 420, which held that cities should be subject to the Safe Place Statute regardless whether they were acting in a governmental or proprietary capacity at the given time. The Wisconsin Supreme Court has indicated that the doctrine of governmental immunity "should not be so construed as to extend the exemption beyond the boundaries of its previous application." Britten v. City of Eau Claire, 1952, 260 Wis. 382, 387, 51 N.W. 2d 30, 32. As noted above, the basis for liability here is statutory rather than common-law negligence. The doctrine of immunity has not previously served to protect governmental units from liability for negligence in respect to safety measures at railroad crossings and should not now be extended into this new area.

■ The Railroad further alleges that the City was guilty of the creation and maintenance of a nuisance in keeping the tree at that location in an untrimmed condition in violation of Section 195.29 (6), Wis.Stats. In Brown v. Milwaukee Terminal R. Co., 1929, 199 Wis. 575, 589, 224 N.W. 748, 227 N.W. 385, a case involving an injury resulting from a falling limb, the court stated:

" * * * The planting of shade trees in public streets, outside the limits of travel either upon the paved portion of the street or upon the sidewalk, does not ordinarily result in injury or damage to any who use the streets. Such trees, properly placed, do not constitute nuisances. But when such a tree, through decay or because of any change in the structure of the tree or in its surroundings, becomes a menace to the safety of those who travel the street, such tree may become a nuisance which will render the owner of the adjoining lot liable for injuries which may be caused to those who lawfully use the streets. * * * " [227 N.W. 386.]

The scope of this language is sufficiently broad to support a claim based on nuisance under the allegations of the pleadings here. The plaintiffs' position as travelers upon a highway whose view of a railroad crossing is obstructed by the untrimmed branches of a tree maintained by the City does not create the relationship of governed and governor between these parties so as to defeat the claim. The situation here may be distinguished from the relationship existing between a user of a swimming pool and a City maintaining this facility (see Virovatz v. City of Cudahy, 1933, 211 Wis. 357, 247 N.W. 341, and Robb v. City of Milwaukee, 1942, 241 Wis. 432, 6 N.W.2d 222); nor may it be said that plaintiffs were using the tree for the purpose for which it was intended and thereby established such a relationship. See McChain v. City of Fond du Lac, 1959, 7 Wis.2d 286, 96 N.W.2d 607.

The motion of the City to dismiss the third-party complaint, or in the alternative for summary judgment, is hereby denied.