HAGERTY, and wife, Appellants, v. VILLAGE OF BRUCE, and others, Respondents.

*No. 75–858.   Argued January 4, 1978.—Decided February 7, 1978.*
(Also reported in 262 N.W.2d 102.)

For the appellants there were briefs by *DeBardeleben & Snyder* of Park Falls, and oral argument by *Daniel Snyder*.

For the respondent there was a brief by *Joe Thrasher* and *Cameron, Shervey, Weisel & Thrasher* of Rice Lake, and oral argument by *Joe Thrasher*.

HANLEY, J.   The sole issue presented by this appeal is whether the trial court erred in sustaining the defendants' demurrer.

The rule is well settled in this state that a demurrer tests only the legal sufficiency of the pleading, and that all material statements of fact are considered true while legal conclusions or erroneous conclusions from the facts pleaded are not. *International Foundation of Employee Benefit Plans, Inc. v. City of Brookfield,* 74 Wis.2d 544, 548, 247 N.W.2d 129 (1976); *Val-Lo-Will Farms, Inc. v. Irv Azoff & Associates, Inc.,* 71 Wis.2d 642, 644, 238 N.W.2d 738 (1976).

In its memorandum opinion, the trial court refused to accept the legal conclusions on which the causes of action to which the demurrers were directed were based:

"We have long understood that it is settled Wisconsin law that the responsibility for keeping sidewalks free of ice and snow is a burden to be shouldered by the municipality and not by the abutting property owners, and that a municipal ordinance requiring abutting property owners to perform that function, and imposing a penalty for non-performance, does not give rise to a cause of action in favor of a 'slip and fall' plaintiff against the violator of that ordinance."

Thus, the truth or validity of the legal conclusions of these counts—i.e., whether the violation of a municipal ordinance requiring property owners to remove snow and ice from adjacent public sidewalks is negligence per se—must be determined on this appeal.

The trial court did not err when it concluded that the long standing rule in Wisconsin is that a violation of such an ordinance does not give rise to a cause of action against the violator for injuries. *Griswold v. Camp,* 149 Wis. 399, 135 N.W. 754 (1912). The facts

in *Griswold* were essentially identical to those alleged in the counts of the plaintiff's complaint here in question: the plaintiff had fallen while walking on a public sidewalk in front of the premises occupied by the defendant and the alleged cause of the plaintiff's injuries was the defendant's failure to remove snow and ice in accordance with a Milwaukee ordinance. Reasoning that the duty of the municipality to keep its sidewalks reasonably safe does not include "obviating danger to travelers using such walks from mere slipperiness produced by natural causes," the court concluded:

"Even where the thing required of the lotowner is essential to performance of a municipal duty, the mere creation of a duty, as in this case, and failure to perform, is penalized, it has uniformly been held, . . . that a person who has received a personal injury by reason of a condition which would not have existed but for such failure, cannot recover compensation from such owner, because no such purpose can fairly be read out of the ordinance." *Griswold v. Camp, supra* at 402.

Moreover, in response to the appellant's argument that a violation of such an ordinance was negligence per se, the court continued that the doctrine that failure to obey a statute designed for public safety is negligence per se depends upon the presumed legislative intent:

"In all cases where the doctrine has been applied there was a manifest purpose to create the liability or make a rule of evidence as to an existing duty. . . . Courts have not gone so far as to construe any such ordinance as that in question as creating a liability such as the one claimed." *Griswold v. Camp, supra* at 402–03.

In *Walley v. Patake,* 271 Wis. 530, 74 N.W.2d 130 (1956), this court was again faced with the issue of whether an owner of land abutting a public sidewalk, because of a failure to comply with an ordinance which

required removal of snow and ice, was liable to a person who was injured thereon. There, after citing sec. 62.17 (5), Stats. (1955), which is the predecessor of current sec. 66.615, Stats., the court stated:

"The owners and occupiers of the premises abutting a street in a city are not responsible to individuals for injuries resulting from a failure to remove from the sidewalk accumulations of snow and ice created by natural causes, although there is a valid ordinance requiring them to remove such accumulations. The only liability is to pay the penalty prescribed by the ordinance." *Walley v. Patake,* 271 Wis. at 535.

The Wisconsin rule is in accordance with the rule adopted by the majority of the courts of other states. *See, Annotation,* 82 ALR2d 998, sec. 2 (1962) and cases cited therein; 39 Am. Jur.2d, *Highways, Streets and Bridges,* sec. 511 (1968) ; W. Prosser, *The Law of Torts,* sec. 36 at 193 (4th ed. 1971). Prosser, in discussing the rule in relation to the use of a statutory violation as the standard of care expected of a defendant, explains that ordinances requiring the landowner to remove snow and ice from public sidewalks are generally intended only to protect the interests of the community at large, rather than those of any particular class of individuals. W. Prosser, *The Law of Torts,* sec. 36 at 192 (4th ed. 1971).

Moreover, the rule, as stated in 39 Am. Jur.2d, *Highways, Streets, and Bridges,* sec. 511 (1968), is premised on the general observation that under most statutory schemes, the state has imposed the duty upon municipalities to maintain its streets and highways in a reasonably safe condition for travelers which may not be delegated by ordinance to others.

"The responsibility of the public authority to maintain its highways and streets in a reasonably safe condition for travelers cannot be delegated to another so as to

relieve the public authority from liability in the event that one is injured by reason of defects therein, at least in the absence of action by the legislature expressly relieving the public authority from liability in this respect. The actual work of maintenance may be assigned to others, but not the ultimate responsibility therefor. Thus, the duty of the public authority to keep its highways reasonably safe for travel is not abrogated or suspended by reason of the fact that a third person is doing construction work within the limits of the highway, or that he is making repairs therein. Moreover, the fact that the duty to care for public streets or sidewalks has been assumed by or imposed upon private persons does not relieve the public authority from responsibility for the failure of such person to perform such duty." 39 Am. Jur.2d, *Highways, Streets, and Bridges*, sec. 430 (1968).

Therefore, it is stated that even though a municipality, by ordinance, may impose upon the individual landowner some duty with respect to the care or maintenance of a public way, the individual is not burdened with the responsibility for injuries arising from his neglect to perform the duty in the absence of any statutory provision to that effect because the primary duty to maintain public ways may not be delegated. 39 Am. Jur.2d, *Highways, Streets, and Bridges*, sec. 351 (1968). *See,* 6 McQuillin, *Municipal Corporations,* §22.06 at 316, 319 (3rd ed. 1969).

Reference has been made by plaintiffs' counsel to language contained in this court's decision in *Miller v. Welworth Theatres,* 272 Wis. 355, 75 N.W.2d 286 (1956). In *Miller,* the plaintiff alleged that she was injured due to the defective condition of the public sidewalk in front of the defendant's theater, and that because the patrons of the theater were required to traverse this section of sidewalk after purchasing their tickets in order to enter the theater, this portion of sidewalk became a part of the theater's place of business and

subject to sec. 101.06, Stats. (1955). This section required employers to maintain the safety of their premises for their employees and frequenters. After concluding that the duty to maintain public sidewalks was imposed upon the municipality by sec. 62.17, Stats. (1955), the court concluded:

"It must be recognized that in a state where there is no obligation on the abutting landowner to keep the sidewalk in front of his premises in repair or in a safe condition for public travel, *in the absence of a statute or ordinance imposing such duty upon him* a defect in the sidewalk not caused by him cannot be charged against him." *Miller v. Welworth Theatres, supra* at 359–60. (emphasis supplied).

The court concluded that the safe place statute there in question did not impose such a duty because the defendant lacked control over the sidewalk.

Regardless of the outcome of that case, the plaintiffs stress the emphasized language in the above quotation to argue this court's readiness to abrogate the rule established by the decision in *Griswold v. Camp, supra,* and reiterated in *Walley v. Patake, supra.* Furthermore, plaintiff argues that the village ordinance here in question is a safety statute the violation of which constitutes negligence per se.

It is generally stated that a court may adopt the requirements of a legislative enactment as the standard of conduct of a reasonable man when it is found that the purpose of the enactment is to "(a) protect a *class of persons* which includes the one whose interest is invaded; (b) to protect the *particular interest* which is invaded; (c) protect that interest against the *kind of harm* which has resulted; and (d) protect that interest against the *particular hazard* from which the harm results." *Restatement (Second) of Torts,* §286 (1965). (emphasis supplied).

This court has generally required that these elements be fulfilled before the violation of a statute or ordinance will constitute negligence per se. *Kalkopf v. Donald Sales & Mfg. Co.*, 33 Wis.2d 247, 255–56, 147 N.W.2d 277 (1967); *Weiss v. Holman*, 58 Wis.2d 608, 616–17, 207 N.W.2d 660 (1973).

Consequently, the first question which must be resolved in determining whether this statute may be used as the standard by which the defendant's conduct is measured is whether the ordinance imposes a duty owed exclusively to the municipality, or whether it imposes a duty owed both to the municipality and to its individual members. *Restatement (Second) of Torts*, §288 (1965) provides:

"The court will not adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment . . . whose purpose is found to be exclusively
". . .
"(c) to impose upon the actor the performance of a service which the state or any subdivision of it undertakes to give to the public."

When it is found that the duty imposed by the ordinance is intended to exclusively benefit the public or municipal corporation as such, a violation of the ordinance is generally found not to be negligence per se for the reason that the individual, though a member of the community, was not within the class of persons whose interests were to be protected. W. Prosser, *The Law of Torts*, sec. 36 at 192–93 (4th ed. 1971); 6 McQuillin, *Municipal Corporations*, sec. 22.01 at 306 (3rd ed. 1969). These types of ordinances "are intended only for the purpose of imposing upon the actor the performance of a service which the state, or some subdivision of it, has undertaken to give to the public. They are intended to make the

actor responsible to the state, rather than to an individual." *Restatement (Second) of Torts*, sec. 288, comment d (1965).

In *Stippich v. City of Milwaukee*, 34 Wis.2d 260, 149 N.W.2d 618 (1967), this court noted that it is the duty of the municipality to remove the snow and ice from public sidewalks. It further noted that this responsibility cannot be delegated so as to free it from all liability.

Because this duty is, by statute, imposed upon the municipality, ordinances passed by a municipality which require landowners to remove snow and ice are necessarily ordinances enlisting the aid of its citizens in fulfilling this duty. They are, figuratively speaking, a method of taxation where payment is expected in the form of services rather than in the form of money. Their purpose is to impose upon the landowner the performance of a service which the municipality itself undertakes to give to the public. *See, Restatement (Second) of Torts*, sec. 288(c) (1965).

Furthermore, in *Stippich v. City of Milwaukee, supra*, this court held that a city's failure to remove snow and ice within three weeks of its accumulation did not subject it to strict or absolute liability because of the provisions of sec. 81.15, Stats. If this court were to adopt the provisions of the ordinance as the plaintiffs suggest, the result would be that a landowner's violation of the ordinance—i.e., his failure to remove snow and ice within twenty-four hours of its precipitation—will constitute negligence per se. In Wisconsin, although the existence of contributory negligence might still be in issue, the question of whether the violator's conduct was, under all the circumstances, reasonable would not exist. Thus, an abutting property owner might well be held to a standard of care higher than that of the municipality which delegated, by ordinance, the duty and liability of maintaining its public sidewalks.

We conclude that municipal ordinances may not delegate the municipality's primary duty to maintain its public sidewalks in a reasonably safe condition and, consequently, ordinances requiring abutting landowners to remove snow and ice are limited to protecting the interests of the community, and not its individual members. The ordinance here in question thus is not intended to protect the class of persons of which the plaintiff is a member and the trial court's decision to sustain the defendants' demurrer to these causes of action must be affirmed.

*By the Court.*—Order affirmed.