WELLS, and another, Plaintiffs-Respondents, v. CHICAGO & NORTH WESTERN TRANSPORTATION COMPANY, Defendant-Respondent and Third-Party Plaintiff-Respondent: COTTER, and another, Defendants-Appellants and Third-Party Defendants-Appellants: MARQUETTE COUNTY, Third-Party Defendants.†

Court of Appeals

*No. 78-278. Submitted on briefs June 5, 1979.—*
*Decided August 24, 1979.*
(Also reported in 283 N.W.2d 471.)

———

† Petition to review granted.

566

For the appellants the cause was submitted on the briefs of *Clyde C. Cross, Karen A. Mercer* and *Cross, Wagner and Mercer,* of Baraboo.

For the respondents the cause was submitted on the brief of *Daniel G. Sandell* and *Johnson, Swingen and Sandell* of Madison.

Before Dean, P.J., Donlin, J., and Foley, J.

FOLEY, J.   The Cotters appeal from an order denying their motion for summary judgment against the plaintiffs and against co-defendant Chicago and North Western Transportation Company.  The only negligence alleged against the Cotters is that they violated sec. 195.-29(6), Stats., by failing to cut brush and trim trees on their property located at a railroad highway grade crossing.  We hold that a violation of sec. 195.29(6) by a private landowner does not create civil liability and that summary judgment should therefore have been granted.

Plaintiff Robert Wells was injured at a railroad highway grade crossing when his automobile collided with a C&NW train.  His action against the Cotters is based upon their violation of sec. 195.29(6),[1] which imposes a

---

[1] Section 195.29(6), Stats., provides:
VIEW AT CROSSINGS; TREES AND BRUSH NEAR CROSSINGS; FORFEITURE.  Every railroad shall keep its right of way clear of brush or trees for a distance of not less than 330 feet in each direction from the center of its intersection at grade

duty upon owners of land adjacent to grade crossings to keep brush cut and trees trimmed. The purpose of sec. 195.29(6) is to provide highway traffic with a better view of approaching trains. It is, therefore, a safety statute which would generally be considered to set the standard of conduct in negligence actions. However, exceptions to the general rule are recognized. *Olson v. Ratzel,* 89 Wis.2d 227, 278 N.W.2d 238 (Ct. App. 1979).

The standard of conduct specified in the statute will be applied by the courts when the statute provides in specific terms or by necessary implication that a violation should entail civil liability. RESTATEMENT (SECOND) OF TORTS §286 (1965). However, where "the legislation

with any public highway, and for such further distance as is necessary to provide an adequate view of approaching trains, from such highway. Every municipality shall keep the public highways within its jurisdiction clear of brush and shall adequately trim all trees within 330 feet of the center of any railroad highway grade crossing. Every person or corporation owning or occupying any land adjacent to any railroad highway grade crossing shall keep all brush cut and adequately trim all trees on said land within the triangles bounded on 2 sides by the railway and the highway, and on the third side by a line connecting points on the center lines of the railway and the highway, 330 feet from the intersection of said center lines. The commission, upon its own motion, or upon any complaint to the effect that any work required by this subsection has not been performed, after due notice and hearing, may order the corporation, municipality or person at fault to perform said work; provided, however, that if the physical conditions at any crossing are such that the performance of the required work will not materially improve the view for highway traffic, or, if unreasonable loss would be caused thereby, the commission may excuse the party in interest from performing the same . . . . If any person shall violate any provision of this section, or shall fail, neglect or refuse to obey any order made by the commission hereunder, or any judgment or decree made by any court upon such an order, for every such violation, failure or refusal such person shall forfeit not less than $25 nor more than $150.

has not so provided, the court is under no compulsion to accept it as defining any standard of conduct for purposes of a tort action." RESTATEMENT (SECOND) OF TORTS §286, Comment d (1965).

We find no indication in sec. 195.29 (6) that the legislature intended a violation to entail civil liability. Not only is there no express statement on the subject, but other sections dealing with safety at grade crossings indicate that the primary responsibility to provide and pay for safety measures is delegated to municipalities and to the railroads. *See* secs. 195.26, 195.28, 195.29, 195.291 and 195.30, Stats. Only sec. 195.29 (6) imposes any duty or cost directly upon a private landowner.

Absent a discernible legislative intent, it is up to the court to determine whether violation of the standard will result in possible civil liability. RESTATEMENT (SECOND) OF TORTS §286, Comment d (1965). In making this determination, we are persuaded that we should retain the common law rule that a landowner incurs no liability for physical harm caused by the natural condition of his land to those outside his property. RESTATEMENT (SECOND) OF TORTS §363 (1965). This common law rules represents sound policy and we find no reasons present in this case to change it.[2] "[S]tatutes are not to be extended so as to impose any duty beyond that imposed by the common law unless such statute clearly and beyond any reasonable doubt expresses such a purpose by language that is clear,

---

[2] In *Garcia v. Hargrove*, 52 Wis.2d 289, 190 N.W.2d 181 (1971), the court did not adopt the legislative standard specified in §176.30, Stats., which makes sale of intoxicants to a minor or intoxicated person a criminal offense. Like §195.29(6). Stats., §176.30 neither specifically nor by implication creates civil liability. The court, based upon the same policy reasons which were used to deny common law liability, held that violation of §176.30 did not create liability.

unambiguous, and preemptory." *Grube v. Moths,* 56 Wis. 2d 424, 437, 202 N.W.2d 261, 268 (1972).

We find the common law policy sound because public safety on highways is the responsibility of the state and its municipalities, not of private landowners. Therefore, sec. 195.29(6), in effect, requires a private landowner to provide a service which the state and its municipalities are obligated to provide. As indicated in RESTATEMENT (SECOND) OF TORTS §288 (1965):

The court will not adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively

. . . .

(c) to impose upon the actor the performance of a service which the state or any subdivision of it undertakes to give the public . . . .

Highway safety is a public service; liability for failure to provide this service should not be imposed upon private landowners.

Our decision finds analogical support in *Hagerty v. Village of Bruce,* 82 Wis.2d 208, 262 N.W.2d 102 (1978), which held that landowners do not create civil liability by violating an ordinance requiring them to keep sidewalks adjacent to their property clear of snow and ice. The court held that the municipality had the primary duty to keep sidewalks in a safe condition. Consequently, the purpose of the ordinance was to protect the interests of the municipality rather than the individual. Individual users of the sidewalk were therefore not within the class the ordinance intended to protect. As to persons not within the protected class, violation of a statute or ordinance generally will not constitute negligence *per se. Hagerty, supra.*

We reject plaintiffs' contention that we are bound by the holding in *Wilmet v. Chicago & North Western Rail-*

*way Company*, 233 Wis. 335, 289 N.W. 815 (1940). The actual holding in *Wilmet* is that sec. 195.29 (6) was not intended to protect travelers on roads parallel to railroad tracks. It held there was no civil liability on the basis of sec. 195.29 (6) for the railroad's failure to cut brush obscuring the view for travelers on a parallel rather than an intersecting highway. The court admittedly did say that the statute was intended to protect travelers on intersecting highways. However, the court did not rule on whether a violation of the statute causing injury to such travelers would necessarily impose liability. Additionally, even if the court had ruled that the statute set the standard of care for railroads, we would not be bound by that ruling in this case. We believe, because of both public policy reasons and the legislative intent evident in the statutory scheme, that railroads stand in an entirely different position from private landowners with regard to liability for accidents at grade crossings.

We have also considered *Bosin v. Minneapolis, St, Paul and Sault. Ste. Marie Railroad Company*, 183 F. Supp. 820 (E.D. Wis. 1960), where it was held that sec. 195.29 (6) imposed upon municipalities a duty of care to highway travelers. In its holding, the court relied on *Wilmet* which, as we have pointed out, fell short of holding that the statute set the standard of care for railroads in negligence cases. We believe that many of the same factors distinguishing the potential liability of railroads as against landowners should also apply between municipalities and landowners.

For the reasons given we hold that a landowner incurs no liability to highway users who are injured as a result of the landowner's failure, in violation of sec. 195.29 (6), Stats., to alter the natural condition of his property. We accordingly reverse and remand for entry of judgment dismissing the complaint and third-party complaint against the Cotters.

*By the Court.*—Order reversed and remanded.